**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RAHUL MANCHANDA,

*Plaintiff*,

-against-

GOOGLE, YAHOO, MICROSOFT BING,

*Defendants*.

Civil Action No. 1:16-cv-03350 (JPO)(JCF)

**YAHOO INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

Page No.

I.    INTRODUCTION ................................................................................................... 1

II.   SUMMARY OF RELEVANT ALLEGATIONS AND ARGUMENT ...................... 1

III.  LEGAL STANDARD ............................................................................................ 4

IV.   ARGUMENT ......................................................................................................... 4

    A.  Plaintiffs' Defamation and Related Claims Fail Because Yahoo's Conduct Was Privileged Under The Communications Decency Act ........................................... 4

    B.  Plaintiff Fails to State a Claim for Trademark Infringement ................................. 7

       1. Plaintiff Has Failed to Allege that Yahoo Used Plaintiff's Marks in Any Manner Actionable Under the Lanham Act ...................................................... 8

       2. Plaintiff Has Failed to Allege Likelihood of Confusion ................................... 9

    C.  Plaintiff Fails to State a Claim for Unfair Trade Practices and False Advertising ....................................................................................................... 11

    D.  Plaintiff Fails to State a Claim for Unjust Enrichment ........................................ 12

    E.  In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Tortious Interference With Contract .................................................................. 14

    F.  In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Tortious Interference With Business Relationships .............................................. 14

    G.  In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Breach of Fiduciary Duty & Duty of Loyalty ...................................................... 15

    H.  In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress .......................................................... 16

    I.  In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress ........................................................ 17

    J.  In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Unlawful Trespass ............................................................................................ 17

    K.  In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Civil RICO ........................................................................................................ 18

V.    CONCLUSION .................................................................................................... 19

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1-800 Contacts, Inc. v. WhenU.Com, Inc.*,
    414 F.3d 400 (2d Cir. 2005)...................................................................................8

*Ascentive, LLC v. Opinion Corp.*,
    842 F.Supp.2d 450 (E.D.N.Y. 2011) ..............................................................9, 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................4

*Atl. Recording Corp. v. Project Playlist, Inc.*,
    603 F.Supp.2d 690 (S.D.N.Y. 2009).................................................................5

*Baker v. Dorfman*,
    239 F.3d 415 (2d Cir. 2000).............................................................................16

*Baldino's Lock & Key Service, Inc. v. Google, Inc.*,
    88 F. Supp.3d 543, 550 (E.D. Va. 2015) .........................................................19

*Bally Total Fitness Holding Corp. v. Faber*,
    29 F.Supp.2d 1161 (C.D. Cal. 1998) ...............................................................10

*Barnes v. Yahoo! Inc.*,
    570 F.3d 1096 (9th Cir. 2009) ...........................................................................5

*Bihari v. Gross*,
    119 F.Supp.2d 309 (S.D.N.Y. 2000)..............................................................9, 10

*Biro v. Conde Nast*,
    807 F.3d 541 (2d Cir. 2015)..............................................................................4

*c.f. Taubman Co. v. Webfeats*,
    319 F.3d 770 (6th Cir. 2003) ...........................................................................10

*C=Holdings B.V. v. Asiarim Corp.*,
    992 F.Supp.2d 223 (S.D.N.Y. 2013).................................................................14

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
    547 F.3d 115 (2d Cir. 2008).............................................................................14

*Cintas Corp. v. Unite Here*,
    601 F.Supp.2d 571 (S.D.N.Y. 2009), *aff'd*, 355 Fed.Appx. 508 (2d Cir. 2009)
    (per curiam)....................................................................................................8, 11

*Doe v. MySpace, Inc.*,
  528 F.3d 413 (5th Cir. 2008) ................................................................6

*Goddard v. Google, Inc.*,
  640 F.Supp.2d 1193 (N.D. Cal. 2009) ....................................................7

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
  8 F. Supp.3d 467, 483 (S.D.N.Y. 2014)................................................13

*Hengjun Chao v. Mount Sinai Hosp.*,
  476 Fed. Appx. 892 (2d Cir. 2012) ........................................................6

*Independent Order of Foresters v. Donald Lufkin & Jenrette, Inc.*,
  157 F.3d (2d Cir. 1998)........................................................................16

*In re JetBlue Airways Corp. Privacy Litigation*,
  379 F.Supp.2d 299 (E.D.N.Y. 2005) ...............................................17, 18

*Johnson v. Nextel Communications, Inc.*,
  660 F.3d 131 (2d Cir. 2011)................................................................15

*Katzman v. Victoria's Secret Catalogue*,
  167 F.R.D. 649 (S.D.N.Y. 1996) ......................................................18, 19

*Koenig v. Boulder Brands, Inc.*,
  995 F.Supp.2d 274 (S.D.N.Y. 2014)....................................................13

*Leder v. Am. Traffic Solutions, Inc.*,
  81 F. Supp.3d 211, 228 (E.D.N.Y. 2015) .........................................12, 13

*Mallgren v. Microsoft Corp.*,
  975 F.Supp.2d 451 (S.D.N.Y. 2013)......................................................4

*Martin v. Citibank, N.A.*,
  762 F.2d 212 (2d Cir. 1985)................................................................17

*Mary Kay, Inc. v. Weber*,
  601 F.Supp.2d 839 (N.D. Tex. 2009) ...................................................13

*MCW, Inc. v. BadBusinessBureau.Com, L.L.C.*,
  No. Civ.A.3:02-CV-2727-G, 2004 WL 833595 (N.D. Tex. Apr. 19, 2004) ...........9

*Murawski v. Pataki*,
  514 F.Supp.2d 577 (S.D.N.Y. 2007)...................................................5, 6

*MyPlayCity, Inc. v. Conduit Ltd.*,
  No. 10 Civ. 1615 (CM), 2012 WL 2929392 (S.D.N.Y. July 18, 2012)..................13

iii

*Nemet Chevrolet, Ltd. v. Consumer Affairs.com*,
  591 F.3d 250 (4th Cir. 2009) ................................................................6

*New World Solutions, Inc. v. NameMedia, Inc.*,
  ---F. Supp.3d---, 2015 WL 8958390 (S.D.N.Y. Dec. 15, 2015) ..............................12

*Noah v. AOL Time Warner, Inc.*,
  261 F.Supp.2d 532 (E.D. Va. 2003), *aff'd*, 2004 WL 602711 (4th Cir. 2004)........................7

*Parker v. Google, Inc.*,
  422 F.Supp.2d 492 (E.D. Pa. 2006) ................................................................7

*Ritani, LLC v. Aghjayan*,
  880 F.Supp.2d 425 (S.D.N.Y. 2012)................................................................4, 15

*Savin Corp. v. Savin Group*,
  391 F.3d 439 (2d Cir. 2004)................................................................9

*Schwartzco Enterprises LLC v. TMH Management*,
  60 F. Supp.3d 331, 352 (E.D.N.Y. 2014) ................................................................15

*Securitron Magnalock Corp. v. Schnabolk*,
  65 F.3d 256 (2d Cir. 1995)................................................................12

*Siben v. Amer. Airlines, Inc.*,
  913 F. Supp. 271 (S.D.N.Y. 1996)................................................................16, 17

*Silva v. Smucker Nat'l Foods, Inc.*,
  No. 14-CV-6154 (JG)(RML), 2015 WL 5360022 (E.D.N.Y. Sept. 14, 2015)........................13

*Strom v. Goldman, Sachs & Co.*,
  202 F.3d 138 (2d Cir. 1999)................................................................13

*Taylor Bldg. Corp. of Am. V. Benfield*,
  507 F.Supp.2d 832 (S.D. Ohio 2007) ................................................................10

*In re Terrorist Attacks on Sept. 11, 2001*,
  349 F.Supp.2d 765 (S.D.N.Y. 2005)................................................................16

*In re Terrorist Attacks on September 11, 2001*,
  714 F.3d at 126 ................................................................17

*Town of Wallkill v. Rosenstein*,
  40 A.D.3d 972 (2d Dep't 2007)................................................................13

*Whitney Inf. Network, Inc. v. Xcentric Ventures*,
  No. 2:04-CV-47-FTM-33-SPC, 2005 WL 1677256 (M.D. Fla. July 14, 2005)
  (reversed on other grounds) ................................................................9

iv

**Statutes**

15 U.S.C. § 1114 ................................................................................................................7

18 U.S.C. § 1961(1) ..........................................................................................................19

47 U.S.C. § 230 ...................................................................................................... *passim*

47 U.S.C. § 230(c)(1) ..........................................................................................................5

New York General Business Law, Sections 349 and 350 ......................................11, 12

**Other Authorities**

Restatement (Third) of Restitution and Unjust Enrichment § 43 (2011) ......................................15

## I.   <u>INTRODUCTION</u>

The Plaintiff does not like what a handful of third-party websites have said about him. But this action does not seek to hold those third parties liable.  Rather, Plaintiff seeks to hold Yahoo liable for the appearance in non-paid, organic search results of those third-party links that contain information about Plaintiff and his law firm, which Plaintiff deems objectionable. Plaintiff's defamation and trademark related claims are based on the fact that Yahoo has not removed links to the third-party websites in response to Plaintiff's demand.  Plaintiff's defamation (and other reputation-related claims) are barred under Section 230 of the Communications Decency Act (the "CDA"), which provides complete immunity to Yahoo as an interactive computer service provider, from claims arising out of the exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content.  Plaintiff's trademark infringement (and related claims) fail to allege that Yahoo made any infringing "use" of his marks (other than displaying his name and the name of his law firm in website search results), or that any members of the consuming public would be confused as to the affiliation, connection, or association of Yahoo (or anyone else) with Plaintiff.  Accordingly, for the reasons set forth below, Plaintiff's Complaint should be dismissed with prejudice.

## II.   <u>SUMMARY OF RELEVANT ALLEGATIONS AND ARGUMENT</u>

Plaintiff alleges that he is an attorney, and self-described "quasi-celebrity," in New York (Compl. ¶¶ 1, 9). He owns U.S. trademark registrations for his name, RAHUL MANCHANDA, and his law firm, MANCHANDA LAW OFFICES, for use in connection with legal services (Compl., Ex. A). This case arises out of the appearance of a handful of links to third-party websites appearing in Yahoo's organic search results, which Plaintiff contends contain injurious statements about him (Compl., ¶¶ 8-9).

The third-party websites alleged to contain the purported injurious statements are ripoffreport.com, complaintsboard.com, usacomplaints.com, and nypost.com (Compl. ¶ 8; *see also* Request for Judicial Notice ("RJN"), Exs. 2-6). Plaintiff does not allege that Yahoo authored or published the content on any of the third-party websites to which the links resolve (Compl. ¶¶ 8-9). Rather, the sole allegation as to Yahoo with respect to those sites is that Yahoo did not remove or de-index the links to those sites in response to Plaintiff's request (Compl. ¶ 8).

Based on that allegation, in addition to defamation and a series of other reputation-related claims, Plaintiff also asserts a claim for trademark infringement (Compl. ¶¶ 9-11). However, Plaintiff does not allege that Yahoo used Plaintiff's name, trademarks, or any other terms in sponsored ads in connection with search engine marketing, or in any other commercial or competitive manner that would injure Plaintiff with respect to his alleged marks (*see* Compl. ¶¶ 2-11). Rather, all of alleged wrongdoing by Yahoo is based on the allegation that Yahoo displays the third-party websites in organic search results to people who use Yahoo's search engine to search for the terms "Rahul Manchanda" and "Manchanda Law Offices" (*see* Compl., ¶¶ 8, 9).

Based on Yahoo's display of organic search results that Plaintiff does not like, Plaintiff's Complaint asserts causes of action against Yahoo for: (1) Defamation; (2) Libel; (3) Slander; (4) Tortious Interference of Contract; (5) Breach of Fiduciary Duty; (6) Breach of the Duty of Loyalty; (7) Unfair Trade Practices; (8) False Advertising; (9) Unlawful Trespass; (10) Civil RICO; (11) Unjust Enrichment; (12) Intentional Infliction of Emotional Distress; (13) Negligent Infliction of Emotional Distress; and (14) Trademark Infringement (Compl. ¶¶ (a)-(n)).

Section 230 of the CDA provides complete immunity to Yahoo with respect to Plaintiff's defamation and related claims. *See* 47 U.S.C. § 230.  Specifically, the CDA immunizes interactive computer service providers, such as Yahoo, from claims arising out of the exercise of

a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content. Under the CDA, Yahoo cannot be treated as a publisher and held liable for the publication of, or refusal to remove, content created and published on third-party websites.  Plaintiff is well aware that his claims against Yahoo and the other search engine defendants are barred by the CDA.  In fact, he previously sought to obtain a restraining order against defendants Microsoft and Google, seeking the same relief he seeks here, i.e., removal of the identical Rip Off Report links from organic search results, only to be denied by a court order holding that such relief was barred by the CDA (*see* RJN, Ex. 1).  Accordingly, Plaintiff's defamation and reputation-related claims against Yahoo are barred as a matter of law and must be dismissed.[1]

With respect to Plaintiff's trademark infringement claim, it should be noted that as to Yahoo that claim is limited to the allegation that Plaintiff's marks – which consist of Plaintiff's name and the name of his law firm – appeared in non-paid organic search results. Plaintiff fails to allege that Yahoo made any infringing "use" of his marks (other than displaying his name and the name of his law firm in website search results), or that any members of the consuming public would be confused as to the affiliation, connection, or association of Yahoo (or anyone else) with Plaintiff. Thus, Plaintiff's trademark infringement claim should likewise be dismissed.

Further, Plaintiff's claims for unfair trade practices, false advertising, unjust enrichment, tortious interference with contract and business relationships, breach of fiduciary duty, breach of the duty of loyalty, negligent infliction of emotional distress, intentional infliction of emotional distress, unlawful trespass, and civil RICO all fail to state a claim upon which relief may be granted for the separate and independent reasons set forth in detail below.

---

[1] Plaintiff's pursuit of an identical claim relating to identical content may constitute vexatious litigation, although that point is not being raised by Yahoo since Yahoo was not a litigant in the prior action.

3

### III.   LEGAL STANDARD

"In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint liberally, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Ritani, LLC v. Aghjayan*, 880 F.Supp.2d 425, 439 (S.D.N.Y. 2012) (citation omitted). But, [c]ourts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to survive dismissal, a complaint must contain "'enough facts to state a claim to relief that is plausible on its face.'" *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (quoting *Twombly*, 550 U.S. at 570).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But 'naked assertions' or 'conclusory statements' are not enough." *Biro*, 807 F.3d at 544 (quoting *Iqbal*, 556 U.S. at 678); *Mallgren v. Microsoft Corp.*, 975 F.Supp.2d 451, 455 (S.D.N.Y. 2013) ("Mere 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action' are not enough to survive a motion to dismiss.") (quoting *Twombly*, 550 U.S. at 555).

### IV.   ARGUMENT

#### A.   Plaintiffs' Defamation and Related Claims Fail Because Yahoo's Conduct Was Privileged Under The Communications Decency Act

Plaintiff's defamation and related claims are the quintessential example of claims barred as a matter of law by Section 230 of the CDA, 47 U.S.C. § 230. Yahoo is an interactive computer service provider as defined under the CDA. As courts in New York and elsewhere have repeatedly held, the CDA bars any cause of action that seeks to hold an interactive computer service provider liable for either the content created by a third-party user of the service, or the

service provider's decision to allow, edit, or remove that content. Because Plaintiff's defamation and related claims seek to impose the exact type of liability the CDA forbids, this Court must dismiss those claims as against Yahoo.

"Courts across the country have repeatedly held that the CDA's grant of immunity should be construed broadly." *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F.Supp.2d 690, 699 (S.D.N.Y. 2009) (collecting cases). The broad immunity afforded by the CDA stems from the plain language of the statute. Section 230 of the CDA provides, in pertinent part, as follows: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).

Here, there can be no dispute that Yahoo is an interactive computer service provider. Numerous courts have recognized that Yahoo, and other search engines, are interactive computer service providers under the CDA. *See*, *e.g.*, *Murawski v. Pataki*, 514 F.Supp.2d 577, 591 (S.D.N.Y. 2007) ("Ask.com is an 'interactive computer service' because it is an internet search engine that allows members of the public to search its directory of web pages . . . and is therefore an 'information service . . . that provides or enables computer access by multiple users to a computer server.'") (quoting 47 U.S.C. § 230(f)(2)); *Barnes v. Yahoo! Inc.*, 570 F.3d 1096, 1101 (9th Cir. 2009) (holding that Yahoo is an interactive computer service provider).

"Section 230(c) . . . immunizes internet service providers from defamation and other, non-intellectual property . . . claims arising from third-party content." *Murawski*, 514 F.Supp.2d at 591. "'[L]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter

content—are barred' by the CDA.'" *Id.* (quoting *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997)).

The only allegation as to Yahoo with respect to the allegedly defamatory content on the offending third-party websites is that Yahoo refused to remove links to those sites pursuant to Plaintiff's request (Compl., ¶ 11). "Deciding whether or not to remove content or deciding when to remove content falls squarely within [a search engine's] exercise of a publisher's traditional role and is therefore subject to the CDA's broad immunity." *Murawski*, 514 F.Supp.2d at 591.

As to the claims in Plaintiff's Complaint other than defamation, "New York law considers claims sounding in tort to be defamation claims where those causes of action seek damages only for injury to reputation, or where the entire injury complained of by plaintiff flows from the effect on his reputation." *Hengjun Chao v. Mount Sinai Hosp.*, 476 Fed. Appx. 892, 895 (2d Cir. 2012) (citation and internal quotation marks omitted). In addition to his defamation claim, all of Plaintiff's other causes of action – with the exception of his trademark infringement and apparently related unfair trade practices and unjust enrichment claims – appear to seek damages for injury to his reputation, or injuries that flow from the effect on his reputation (*see* Compl., ¶¶ 2-12). Those causes of action are therefore subsumed by Plaintiff's defamation claim, and as such are equally barred under the CDA. *See*, *e.g.*, *Chao*, 476 Fed. Appx. at 895 (affirming dismissal of tortious interference and other tort claims where "the factual allegations underlying each . . . [were] virtually identical to the facts underlying his defamation claim" and "the harms that [plaintiff] contend[ed] he suffered as a result of these other torts [including] attorney's fees [and] emotional distress . . . all flow[ed] from the effect on his reputation."); *Nemet Chevrolet, Ltd. v. Consumer Affairs.com*, 591 F.3d 250, 257 (4th Cir. 2009) (tortious interference with business expectancy barred under CDA); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.

2008) (negligence barred under CDA); *Goddard v. Google, Inc.*, 640 F.Supp.2d 1193, 1197-2001 (N.D. Cal. 2009) (finding fraud, breach of contract, negligence, and other statutory and common law violations barred under CDA); *Parker v. Google, Inc.,* 422 F.Supp.2d 492, 501 (E.D. Pa. 2006) (defamation, invasion of privacy, and negligence liability); *Noah v. AOL Time Warner, Inc.*, 261 F.Supp.2d 532, 538 (E.D. Va. 2003), *aff'd*, 2004 WL 602711 (4th Cir. 2004) (negligence and defamation).

With that background, Yahoo asks that the following claims be dismissed with prejudice as barred under the CDA: defamation, libel, slander, tortious interference with contract/business relationships, breach of fiduciary duty, breach of the duty of loyalty, unlawful trespass, civil RICO, unjust enrichment, intentional infliction of emotional distress and negligent infliction of emotional distress.

### B. <u>Plaintiff Fails to State a Claim for Trademark Infringement</u>

Plaintiff appears to be alleging two categories of purported trademark use by the Defendants: (1) use of Plaintiff's marks as paid search terms in connection with for-profit search engine marketing (*see* Compl. ¶¶ 2-7); and (2) use of Plaintiff's marks in non-paid organic search results (*see* Compl., ¶¶ 2-8). As to Yahoo, Plaintiff's claim is limited to the allegation that his marks – which consist of his name and the name of his law firm – appeared in non-paid organic search results (Compl., ¶ 8).

To establish a trademark infringement claim under the Lanham Act, 15 U.S.C. § 1114, a plaintiff must establish the following:

> (1) it has a valid mark that is entitled to protection under the Lanham Act; and (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale or advertising of goods or services, (5) without the plaintiff's consent, and (6) that defendant's use of that mark is likely to cause confusion as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin,

sponsorship, or approval of the defendant's goods, services, or commercial
activities by plaintiff.

*Cintas Corp. v. Unite Here*, 601 F.Supp.2d 571, 578 (S.D.N.Y. 2009), *aff'd*, 355 Fed.Appx. 508

(2d Cir. 2009) (per curiam) (citing *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406-

07 (2d Cir. 2005)) (internal quotation marks and brackets omitted).

        1.  <u>Plaintiff Has Failed to Allege that Yahoo Used Plaintiff's Marks in Any Manner
Actionable Under the Lanham Act</u>

Rather than explain how Yahoo can be held liable for Plaintiff's name showing up in

organic search results, Plaintiff instead states an allegation – not tied to any defendant in

particular – that "[i]nvisible metatags used to lure internet search engines using a trademark is a

'use in commerce' of the trademark" (Compl., ¶ 11). "[Trademark] 'use' must be decided as a

threshold matter because, while any number of activities may be 'in commerce' or create a

likelihood of confusion, no such activity is actionable under the Lanham Act absent the 'use' of a

trademark." *1-800-Contacts*, 414 F.3d at 412. Here, Plaintiff has failed to allege that Yahoo

"used" any of his marks.

Although Plaintiff includes a random allegation that use of a trademark in a website's

meta-tags can constitute a "use in commerce," Plaintiff fails to allege that *Yahoo* included his

trademarks in any of the cited websites' meta-tags. In order to be responsible for the placement

of Plaintiff's trademarks in the meta-tags of the offending websites, Yahoo would have to own

those sites. Plaintiff has not alleged – because he cannot allege – that Yahoo owned any of the

allegedly offending third-party sites. Accordingly, Plaintiff has failed to allege that Yahoo made

the requisite "use" of his purported marks.

2.   Plaintiff Has Failed to Allege Likelihood of Confusion

Even if Yahoo did own the offending third-party websites and "use" the Plaintiff's marks

in the meta-tags contained therein – which it did not – the Complaint fails to plausibly allege any

likelihood of confusion. Where, as here, the allegation is that consumers will be diverted to

websites other than Plaintiff's (*see* Compl., ¶¶ 8, 9, 11), the argument is based on initial interest

confusion.

"Initial interest confusion arises when a consumer who searches for the plaintiff's website

with the aid of a search engine is directed instead to the defendant's site because of a similarity

in the parties' website address." *Savin Corp. v. Savin Group*, 391 F.3d 439, 462, n. 13 (2d Cir.

2004). "[T]he concern is that potential customers of one website will be diverted and distracted

to a competing website." *Ascentive, LLC v. Opinion Corp.*, 842 F.Supp.2d 450, 465 (E.D.N.Y.

2011) (citation omitted). "The harm is that the potential customer believes that the competing

website is associated with the website the customer was originally searching for and will not

resume searching for the original website." *Bihari v. Gross*, 119 F.Supp.2d 309, 319 (S.D.N.Y.

2000).

Where the alleged infringer does not compete with the plaintiff or it is otherwise obvious

that no consumer would be confused by the allegedly infringing use, no likelihood of confusion

can be found. *See*, *e.g.*, *Whitney Inf. Network, Inc. v. Xcentric Ventures*, No. 2:04-CV-47-FTM-

33-SPC, 2005 WL 1677256, at *4 (M.D. Fla. July 14, 2005) (reversed on other grounds)

(dismissing real estate investment course company's trademark infringement and false

designation of origin claims against "ripoffreport.com" because no consumer would "be

confused by a consumer watch-dog type website that is not selling any real estate investment

course"); *MCW, Inc. v. BadBusinessBureau.Com, L.L.C.*, No. Civ.A.3:02-CV-2727-G, 2004 WL

833595, at *16 (N.D. Tex. Apr. 19, 2004) (dismissing Lanham Act claims against "ripoffreport.com" and "badbusinessbureau.com" for using plaintiff's trademarks in connection with allegedly defamatory posts dismissed because no "reasonable viewer of the defendants' website would believe that the disparaging comments regarding [plaintiff's] business are endorsed by [plaintiff]."); *c.f. Taubman Co. v. Webfeats*, 319 F.3d 770, 778 (6th Cir. 2003) (finding "no possibility of confusion and no Lanham Act violation" because use of the word "sucks" in "'taubmansucks.com' removes any confusion as to source."); *Taylor Bldg. Corp. of Am. V. Benfield*, 507 F.Supp.2d 832, 846 (S.D. Ohio 2007) (TaylorHomes-Ripoff.com not confusing as a matter of law because "[n]o one seeking Taylor's website would think—even momentarily—that Taylor in fact sponsored a website that included the word 'ripoff' in its website address."); *Bally Total Fitness Holding Corp. v. Faber*, 29 F.Supp.2d 1161, 1163 (C.D. Cal. 1998) (finding no trademark infringement as a matter of law because "[n]o reasonable consumer comparing Bally's official web site with" compupix.com/ballysucks would be confused); *Ascentive*, 842 F.Supp.2d at 463 (finding no likelihood of confusion because "no reasonable visitor to Ascentive.PissedConsumer.com or Dormia.PissedConsumer.com would assume the sites to be affiliated with [plaintiffs]."); *Bihari*, 119 F.Supp.2d at 319 (no likelihood of confusion because "no reasonable viewer would believe that the disparaging comments regarding [plaintiff's] business ethics . . . are endorsed by [plaintiff]."). Here, none of the websites identified in the Complaint compete with Plaintiff. Additionally, it is obvious from the domain alone that a reasonable viewer would not believe that ripoffreport.com, complaintsboard.com, and usacomplaints.com are endorsed by Plaintiff. Likewise, the article title in the nypost.com link speaks for itself: http://nypost.com/2015/06/01/ woman-says-man-from-sugar-daddy-site-threatened-to-kill-her/.

Moreover, no reasonable consumer would be confused because the third-party websites identified all use Plaintiff's marks for the sole purpose of accurately identifying Plaintiff. *See Cintas*, 601 F.Supp.2d at 579 ("There is no justification for relief under Section 1114 and 1125(a), when 'the defendants use plaintiff's mark not in a manner that would create confusion as to the source, but rather as part of a message whose meaning depends on reference to plaintiff's product.' While the materials available on Defendants' websites may disparage [plaintiff], the likelihood that [plaintiff's] actual or potential consumers would be confused about who provides [plaintiff's] goods and services is remote.") (quoting *United We Stand Am., Inc. v. United We Stand Am. N.Y., Inc.*, 128 F.3d 86, 92–93 (2d Cir. 1997)). Therefore, this is no justification for Plaintiff's claims where one website contains a news article about the Plaintiff, and the remaining websites contain consumer complaints about Plaintiff and his law firm.

Under the case law cited above, the use of Plaintiff's marks – which consist of his name and the name of his law firm – on the identified websites are not of a type that would ever lead a consumer to be confused as to source, affiliation, or sponsorship by Plaintiff. For the foregoing reasons, Plaintiff's claim for trademark infringement as against defendant Yahoo should be dismissed.

## C.  Plaintiff Fails to State a Claim for Unfair Trade Practices and False Advertising

New York's deceptive practices and false advertising law is codified in New York General Business Law Sections 349 and 350. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

To recover under section 349, a "plaintiff must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *New World Solutions, Inc. v. NameMedia, Inc.*, ---F. Supp.3d---, 2015 WL 8958390, at *24 (S.D.N.Y. Dec. 15, 2015) (citations omitted). The standard for recovery under Section 350 is identical to that under Section 349. *Id.* at *25.

Although not explicitly stated in the text of either provision, courts have consistently found that the gravamen of a section 349 or 350 claim is consumer injury or harm to the public interest. *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995). "[C]laims involving trademark violations are not cognizable under N.Y. GBL §§ 349 or 350 unless there is a specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution." *New World Solutions*, 2015 WL 8958390, at *26 (citations and quotation marks omitted).

Here, Plaintiff fails to allege – because he cannot allege – the existence of any consumer injury or harm to the public as a result of any conduct by defendant Yahoo, because Plaintiff's claim is for nothing other than ordinary trademark infringement. Accordingly, Plaintiff's claims for unfair trade practices and false advertising should be dismissed.[2]

**D.** **Plaintiff Fails to State a Claim for Unjust Enrichment**

"Under New York law, to make a claim for unjust enrichment, a plaintiff must allege that: (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Leder v. Am.*

---

[2] Moreover, Plaintiff's alleged damages of twenty five thousand dollars for his false advertising and deceptive practices claims are facially invalid. *See* NYGBL § 349 (authorizing maximum of one thousand dollars and only upon a showing of willfulness); § 350 (authorizing maximum of ten thousand dollars and only upon a showing of willfulness).

*Traffic Solutions, Inc.*, 81 F. Supp.3d 211, 228 (E.D.N.Y. 2015) (citing *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012)).

"[A]n unjust enrichment claim is not a catchall cause of action to be used when others fail, and [should be] dismissed . . . where they are duplicative of other claims." *Leder*, 81 F. Supp.3d at 228. Rather, "[u]njust enrichment is available as a cause of action 'only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff.'" *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp.3d 467, 483 (S.D.N.Y. 2014) (quoting *Corsello*, 18 N.Y.3d at 790); *see also Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 144 n. 6 (2d Cir. 1999) (equitable remedy of unjust enrichment unavailable where there is a remedy at law for damages) (citations omitted).

Here, Plaintiff's unjust enrichment claim appears to be based on Plaintiff's allegations that Yahoo profited from its unauthorized use of Plaintiff's marks. Unjust enrichment claims will be barred where they are duplicative of other related claims. *See*, *e.g.*, *Goldemberg*, 8 F. Supp.3d at 483 (dismissing unjust enrichment as duplicative of false advertising under N.Y. law); *Koenig v. Boulder Brands, Inc.*, 995 F.Supp.2d 274, 290-91 (S.D.N.Y. 2014) (same); *Silva v. Smucker Nat'l Foods, Inc.*, No. 14-CV-6154 (JG)(RML), 2015 WL 5360022, at *12 (E.D.N.Y. Sept. 14, 2015) (dismissing unjust enrichment as duplicative of deceptive acts and practices and false advertising under N.Y. law); *see also MyPlayCity, Inc. v. Conduit Ltd.*, No. 10 Civ. 1615 (CM), 2012 WL 2929392, at *17 (S.D.N.Y. July 18, 2012) (damages for unjust enrichment are subsumed by damages for trademark infringement); *Mary Kay, Inc. v. Weber*, 601 F.Supp.2d 839, 864 (N.D. Tex. 2009) (same); *Town of Wallkill v. Rosenstein*, 40 A.D.3d 972, 974 (2d Dep't 2007) (unjust enrichment duplicative of breach of fiduciary duty).

Based on the foregoing, Plaintiff's unjust enrichment claim fails because it is entirely duplicative of his trademark infringement and related claims. Even if it were not, there is an adequate remedy at law available for all of Plaintiff's alleged claims. As such, Plaintiff's unjust enrichment claim is merely duplicative and should be dismissed.

**E.  <u>In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Tortious Interference With Contract</u>**

Under New York law, tortious interference with contract requires: "(1) the existence of a valid contract between the plaintiff and a third party, (2) defendant's knowledge of that contract, (3) defendant's intentional procurement of the third-party's breach of the contract without justification, (4) actual breach of the contract, and (5) damages resulting therefrom." *C=Holdings B.V. v. Asiarim Corp.*, 992 F.Supp.2d 223, 224 (S.D.N.Y. 2013) (citation, internal quotation marks, and brackets omitted).

The Complaint does not allege the existence of any contracts. Nor does it allege that Yahoo knew about a contract and intentionally induced the other contracting party to breach it. As such, this claim should be dismissed.

**F.  <u>In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Tortious Interference With Business Relationships</u>**

To state a claim for tortious interference with business relationships a plaintiff must allege: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008).[3] Additionally, "[t]he

---

[3] The Complaint does not specifically assert tortious interference with business relationships as one if its many causes of action, but Plaintiff makes the naked assertions that he has suffered "loss of business and personal relationships" (Compl., ¶ 12), and "has been unable to secure additional contracts with clients," (Compl., ¶ d). So, for the sake of completeness, we address and dispose of that claim here.

defendant's interference must be direct," and "the pleading must show that 'but for' [the defendant's] interference, [the plaintiff] would have received [a] contract." *Ritani*, 880 F.Supp.2d at 451 (citations and internal quotation marks omitted).

As discussed above, there are no factual allegations concerning Yahoo's state of mind. Nor does the Complaint contain any allegations regarding third-parties with whom Plaintiff had business relations, or that (a) Yahoo directly interfered with those relations, and (b) but for Yahoo's interference, Plaintiff's business relationship would not have been injured. Accordingly, Plaintiff's claim for tortious interference of business relations should be dismissed.

**G.** **In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Breach of Fiduciary Duty & Duty of Loyalty**

The elements of a claim for breach of a fiduciary duty under New York Law are: "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." *Johnson v. Nextel Communications, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011) (citations omitted). For a fiduciary duty to exist, there must first be a relationship through which such a duty will be imposed. *See*, *e.g.*, Restatement (Third) of Restitution and Unjust Enrichment § 43 (2011) (requiring a fiduciary or confidential relationship). "A fiduciary relationship exists when one is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Schwartzco Enterprises LLC v. TMH Management*, 60 F. Supp.3d 331, 352 (E.D.N.Y. 2014).

Here, the Complaint fails to allege the existence of any fiduciary or confidential relationship between Plaintiff and Yahoo. Indeed, Plaintiff does not even conclusorily allege that any such relationship exists. Without such a relationship, no duty can be imposed, and neither a fiduciary duty nor the duty of loyalty can be breached. *See* Restatement (Third) of Restitution and Unjust Enrichment § 43 (2011) (relationship prerequisite to both). Additionally, because the

Complaint makes no attempt to distinguish between these two causes of action, if one fails, they both fail. *See Independent Order of Foresters v. Donald Lufkin & Jenrette, Inc.*, 157 F.3d, 33, 940 n. 7 (2d Cir. 1998) (affirming dismissal of breach of duty of loyalty claim when, as pleaded, it "was not conceptually different from the breach of fiduciary duty claim."). In light of the foregoing, these claims should be dismissed.

### H.  In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress

Under New York law, negligent infliction of emotional distress can occur under either the bystander or direct duty theory. *Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir. 2000). Under the bystander theory, "a defendant's conduct is negligent as creating an unreasonable risk of bodily harm to a plaintiff and such conduct is a substantial factor in bringing about injuries to the plaintiff in consequence of shock or fright resulting from his or her contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in his or her presence." *In re Terrorist Attacks on Sept. 11, 2001*, 349 F.Supp.2d 765, 830 (S.D.N.Y. 2005) (citation and quotation marks omitted). "Under the direct duty theory, a plaintiff suffers emotional distress caused by defendant's breach of a duty which unreasonably endangered plaintiff's own physical safety." *Id.* In both cases, "while recovery is available for emotional injuries, there still must be an allegation that there was risk of bodily harm to the plaintiff[]." *Siben v. Amer. Airlines, Inc.*, 913 F. Supp. 271, 279 (S.D.N.Y. 1996). Because Plaintiff made no allegations of risk of bodily harm, this claim should be dismissed.

**I.   In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress**

Under New York law, intentional infliction of emotional distress requires "(1) an extreme and outrageous act by the defendant, (2) intent by the defendant to inflict severe emotional distress, (3) resulting in severe emotional distress, (4) and that the distress be caused by the defendant's conduct." *Siben*, 913 F. Supp. at 279. The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985).

No extreme and outrageous conduct by Yahoo (or anyone else) is alleged. Nor has Plaintiff alleged that Yahoo intended to inflict severe emotion distress upon him. Accordingly, Plaintiff's cause of action for intentional infliction of emotional distress should be dismissed.

**J.   In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Unlawful Trespass**

An alleged trespass to something other than real property is treated as a claim for trespass to chattels. *In re JetBlue Airways Corp. Privacy Litigation*, 379 F.Supp.2d 299, 327 (E.D.N.Y. 2005) (applying New York law). "To state a claim for trespass to chattels under New York law, plaintiffs must establish that defendants intentionally, and without justification or consent, physically interfered with the use and enjoyment of personal property in plaintiff's possession and that plaintiffs were thereby harmed." *Id.* (citation, internal quotation marks, and brackets omitted).

Recovery for trespass is improper where the defendant's alleged trespass was not a proximate or substantial cause of the plaintiff's damages. *See In re Terrorist Attacks on September 11, 2001*, 714 F.3d at 126 (affirming 12(b)(6) dismissal of trespass and other

17

intentional torts for failing to allege that they proximately caused the injuries). "Under New York

law, liability only obtains on this cause of action if a defendant causes harm to the owner's

materially valuable interest in the physical condition, quality, or value of the chattel, or if the

owner is deprived of the use of the chattel for a substantial time." *In re JetBlue Airways Corp.*

*Privacy Litigation*, 379 F.Supp.2d at 328 (citation, internal quotation marks, and brackets

omitted).

Here Plaintiff has failed to allege the existence of any chattel with which Plaintiff claims

Yahoo has interfered, much less that Yahoo has caused any harm to Plaintiff's interest in the

physical condition, quality, or value of any chattel, or has deprived Plaintiff of the use of any

chattel for a substantial period of time. Accordingly, Plaintiff's claim for unlawful trespass

should be dismissed.

### K.   In Addition to Being Barred Under the CDA, Plaintiff Fails to State a Claim for Civil RICO

"The RICO provisions of the Organized Crime Control Act of 1970 were enacted

expressly, as set forth in the preamble to the Act, 'to seek the eradication of organized crime in

the United States.'" *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 654 (S.D.N.Y.

1996) (citing Pub.L. No. 91-452 (1970)). "Although essentially a criminal statute, RICO

provides for civil penalties by private parties who have been injured 'by reason of' a RICO

violation." *Id.* at 654-655 (quoting 19 U.S.C. § 164(c)). "In particular, the statute makes it

unlawful for any person to (a) use money derived from a pattern of racketeering activity to invest

in an enterprise, (b) acquire control of an enterprise through a pattern of racketeering activity,

(c) conduct or participate in the affairs of an enterprise through a pattern of racketeering activity,

or (d) conspire to do any of those things." *Id.* at 655 (citing 18 U.S.C. §§ 1962(a)-(d)).

In order to state a claim under RICO, the defendant must be alleged to have committed at least two predicate acts constituting racketeering activity under 18 U.S.C. § 1961(1).  *Katzman*, 167 F.R.D. at 655; *Baldino's Lock & Key Service, Inc. v. Google, Inc.*, 88 F. Supp.3d 543, 550 (E.D. Va. 2015).  Plaintiff's Complaint fails to allege that Yahoo has committed any such predicate acts, much less engaged in any pattern of racketeering activity as required under the RICO statute. Accordingly, Plaintiff's Civil RICO claim should be dismissed.

**V.   CONCLUSION**

For all of the foregoing reasons, Yahoo respectfully submits that its Motion to Dismiss be granted in its entirety and that Plaintiff's claims against Yahoo be dismissed with prejudice.

Dated May 12, 2016

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

*/s/ Jeremy A. Schachter*
Jeremy A. Schachter (JS 2181)
The Grace Building
1114 Avenue of the Americas
21st Floor
New York, New York 10036
Telephone: (212) 775-8750
jschachter@kilpatricktownsend.com

Dennis Wilson (admitted *hac vice*)
Caroline Barbee (admitted *pro hac vice*)
9720 Wilshire Blvd PH
Beverly Hills, California 90212
Telephone: (310) 777-3740
dwilson@kilpatricktownsend.com
cbarbee@kilpatricktownsend.com

*Attorneys for Defendant Yahoo Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 12th day of May, 2016, I served a copy of the foregoing

**Memorandum of Law in Support of Motion to Dismiss** upon counsel for Plaintiff by sending

it via Federal Express addressed as follows:

        Rahul D. Manchanda, Esq.
        MANCHANDA LAW OFFICE PLLC
        30 Wall Street, 8th Floor
        New York, New York 10005

A copy was also served via email to RDM@MANCHANDA-LAW.COM.

        */s/ Jeremy A. Schachter*
        Jeremy A. Schachter