# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: HON. MILTON A. TINGLING　　　　　　　　　　PART 44

ANONYMOUS,

     PLAINTIFF,

  -v-

DOES, JOHN 1 THRU 47,

     DEFENDANTS.

INDEX NO. 101158/13
MOTION DATE 8/15/2013

FILED
MAR 27 2014
COUNTY CLERK'S OFFICE
NEW YORK

Upon the foregoing papers, it is ordered that these claims be dismissed.

Plaintiff, Anonymous, moves the court for a restraining order against Google, Microsoft, and Ripoff Report and John Does 1-40. Google and Microsoft have responded that they are not parties to this action and are not bound by state or local laws. Plaintiff seeks $10,000 in damages from Google, Microsoft and/or Ripoff Report.

In the instant case, the plaintiff is a lawyer. He is claiming that John Does 1-47 posted defamatory/ libelous/ slanderous and terroristic threats against him and his business on Ripoffreport.com. Plaintiff also claims that defendants have infringed on his trademark. Plaintiff has trademarked his name and business name. These negative reviews were posted on Ripoff Report and the URL's appear when his name or business name are searched on the search engines of Google and Microsoft. He is now seeking damages from the aforementioned parties. Plaintiff is also seeking a restraining order to force Ripoff Report, Google and Microsoft to remove the information and the URL's from the websites. Plaintiff obtained a temporary restraining order. Google and Microsoft were the only ones to respond. Google states in their letter to Plaintiff that they are not a party to this action and that plaintiff must follow the proper procedure before Google will remove the information. Google informed plaintiff that they are not bound by state or local laws

to remove the URL's from their search engine. However, Google's policy is if the website (in this case Rip-off Report) refuses to remove the information after an order has been granted, Google will voluntarily remove the information. Microsoft gave a similar response. There was no response from Rip-off Report, or John Does 1-47. Plaintiff also asks for $10,000 to be removed from the New York bank accounts of Rip-off Report, Google and Microsoft.

To have URL's removed from Google or Microsoft a plaintiff must bring a federal action. Section 230 of Title 47 of the United States Code states that, ""No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." This federal law preempts any state laws to the contrary: "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." The courts have repeatedly rejected attempts to limit the reach of Section 230 to "traditional" Internet service providers, instead treating many diverse entities as "interactive computer service providers." Section 230 is not without exceptions. The Communications Decency Act provides immunity to an Internet service provider that merely publishes user-generated content, as long as its actions do not rise to the level of a content provider. To determine whether a internet service provider is excluded from liability the courts have looked to three questions: (1) Whether the defendant is a provider of an interactive computer service; (2) If the postings at issue are information provided by another information content provider; and (3) Whether plaintiff's claims seek to treat the defendant as a publisher or speaker of the third party content. When the Plaintiff is looking to treat the defendant as a publisher or speaker the court must see how close the provider is to the information.

When evaluating if Section 230 applies to Google and Microsoft it is clear they are interactive computer services and are therefore protected by the immunity granted by Section 230. Neither Google nor Microsoft can be brought before State courts for claims of liability for any cause of action that is inconsistent with Section 230. In this

case the answers to the aforementioned questions show: (1) Google and Microsoft are both interactive service providers; (2) they both posted information provided by another information content provider (Rip-off Report) and (3) Plaintiff is looking to make them a publisher of the information. However they are not a publisher of the information. The information was user-generated content that was posted on a different Internet site. Google and Microsoft only provide a search that when the plaintiffs name or business name is input, the information becomes accessible. Therefore Google and Microsoft are immune from this cause of action under Section 230 of Title 47 of the United States Code. Google and Microsoft made this clear to Plaintiff in their responses. They informed Plaintiff that they are not a party to this case, they are not libel to plaintiff for any damages, and they are not restricted by any restraining order issued by the State Courts. However, if plaintiff follows the correct procedure and gets an order for Rip-off Report to remove the content and they refuse Google and Microsoft will voluntarily remove the information from their system. Google and Microsoft are under no obligation to remove the URL's from their search results.

Ripoff Report is an interactive website, which describes itself as a worldwide consumer reporting website and publication, by consumers, for consumers to file and document complaints about businesses, professionals or individuals. The Rip-off Report's published policy is that it will not remove a report from its website even if the report is adjudged defamatory or even if the author requests the report be taken down. The Rip-off Report's policy is that any statement posted on its website is a permanent record. The defendant offers links to third party commercial fee-based services to remove any defamatory or false reports posted to Rip-off Report. As an interactive computer service they are also protected under Section 230. The information posted on their website is posted by third parties. Here, in order for Plaintiff to have Ripoff Report excluded from protection under Section 230, he would have to show that Ripoff Report acted as a speaker or publisher for the content posted by these third parties. That has not been proven in this case.

Plaintiff also claims that the information posted on Rip-off report violates his trademark. Trademark infringement happens when you use a trademark owner's trademark or a similar mark in a way that is likely to confuse the public about the source or sponsor of your products or services. Although trademark law provides trademark owners with a powerful tool for protecting the integrity of their trademarks, the law does not permit them to silence legitimate reporting, commentary, criticism, and artistic expression. As one court put it: "Trademark rights do not entitle the owner to quash an unauthorized use of the mark by another who is communicating ideas or expressing points of view." L.L. Bean, Inc. v. Drake Publishers, Inc., 811 F.2d 26, 29 (1st Cir. 1987). Because of the important role that trademarks play in our cultural vocabulary, "much useful social and commercial discourse would be all but impossible if speakers were under threat of an infringement lawsuit every time they made reference to a person, company or product by using its trademark." The New Kids on the Block v. News America Publ'g, 971 F.2d 302, 306 (9th Cir. 1992). The primary goal of trademark law is to protect consumers from confusion about the source or sponsorship of goods or services. Here the plaintiff trademarked his name and business. To have an infringement the statements posted would have to have created confusion for consumers. Trademarks do not protect the creator from the public's rights to commentary and criticism. The court has often found that trademark use is often found in criticism of a company or business and this allowance is important but would be impossible if speakers always feared a lawsuit. Here consumers who were unsatisfied with the services plaintiff provided were addressing Plaintiff's name and business in criticisms. Google, Microsoft and Rip-off report were conduits for this criticism but were not making the postings themselves.

In the instant case, Plaintiff has not established that a trademark infringement has occurred and that any exclusion to the immunity granted to Google, Microsoft, and Ripoff Report by 47 U.S.C 230 is applicable. Accordingly the complaint is here by

dismissed, as there is no viable cause of action from which relief can be granted. Clerk is directed to enter judgment accordingly.

Dated: ~~February 20,~~ March 25, 2014

Milton A. Tingling, J.S.C.

FILED

MAR 27 2014

COUNTY CLERK'S OFFICE
NEW YORK