UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |  |
|---|---|
| RAHUL MANCHANDA,<br><br>*Plaintiff*,<br><br>-against-<br><br>GOOGLE, YAHOO, MICROSOFT BING,<br><br>*Defendants*. | Civil Action No. 1:16-cv-03350 (JPO)(JCF) |

## YAHOO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Yahoo, by and through its undersigned attorneys, respectfully submits this Reply in further support of its Motion to Dismiss.

### I. INTRODUCTION

Plaintiff's multiple oppositions to Yahoo's Motion provide no valid basis on which to deny the Motion. Rather than address Yahoo's substantive arguments, Plaintiff instead continues to make unfounded accusations that Yahoo racially discriminates when deciding what search result links to de-index in response to court orders. More specifically, Plaintiff asserts that Yahoo is racially discriminating against him by failing to remove search results that Plaintiff claims Yahoo was ordered to remove in a prior state court lawsuit. However, as set forth in Yahoo's Motion, the order to which Plaintiff refers was neither directed to, nor did it mention, Yahoo. Even if it did, the order held that Microsoft and Google in their roles as search engines (which is the same role Yahoo plays in this lawsuit), had no obligation to remove the allegedly offending search result links referencing Plaintiff because Microsoft and Google are protected under the CDA. That same holding would apply to Yahoo in this case.

1

Plaintiff makes no substantive legal arguments in opposition to those raised in Yahoo's Motion. As such, and for the reasons stated in Yahoo's Motion, that Motion should be granted in its entirety and Plaintiff's Complaint should be dismissed with prejudice.

## II. ADDITIONAL BACKGROUND

Three years ago, Plaintiff brought, actually litigated, and lost a virtually identical case about the same content against some of the same third party websites and search engine defendants (Microsoft and Google) complained of in this action in New York State Court (the "State Court Action"). In the State Court Action, the court ultimately found that Plaintiff's claims against Microsoft and Google were barred under Section 230 of the CDA and dismissed the case. (See Yahoo's Request for Judicial Notice ("RJN"), Ex. 1, Dkt. No. 29-1).

On May 13, Plaintiff filed his opposition to Yahoo's Motion (Dkt. Nos. 21-23) (the "First Opposition"). The First Opposition did not address or refute any of the arguments raised in connection with Yahoo's Motion. Instead, Plaintiff falsely claimed, among other things, that: (1) the State Court Action found the allegedly offending third party websites liable for defamation and trademark infringement, (2) the state court issued orders demanding that Yahoo, Microsoft and Google (collectively "Defendants") remove the listings to the third party websites, (3) Defendants ignored those orders "because [the state court judge] was African American, and Plaintiff is also a minority," and (4) Defendants only remove listings for "White or Jewish litigants, because 'they control the internet,' and other races should 'be damned'" (First Opposition, ¶¶ 1-4).

On May 17, Plaintiff filed a motion seeking to hold Defendants "in contempt of court for wilful [*sic*] non-compliance with 2 lawful court orders, and racist behavior against non-Jews and non-Whites" (Dkt. No. 26) (the "Contempt Motion"), ¶ 5. Plaintiff also asked the Court to

"sanction the Defendants for vexatious and harassing litigation in the amount of $100,000,000" (Contempt Motion at 2). If anyone is being vexatious and harassing, however, it is Plaintiff. As set forth below, Plaintiff filed not one, not two, but three briefs in opposition to Yahoo's Motion to Dismiss, each containing false and scurrilous allegations regarding unfounded claims of racial discrimination by Yahoo. Plaintiff is clearly engaged in a course of conduct designed to harass Yahoo into submitting to Plaintiff's demands that Yahoo de-index the search results identified in the Complaint.

On May 20, Plaintiff filed a *new* opposition to Yahoo's Motion (Dkt. No. 30) (the "Second Opposition"). In the Second Opposition, Plaintiff reiterated the false accusations he made about Defendants in the First Opposition and the Contempt Motion. Although the Complaint does not say a word about discrimination, the Second Opposition claims discrimination is "the most important issue at the very heart of this litigation" (Second Opposition, ¶ 11). Plaintiff essentially argues that because Yahoo allegedly has a policy of de-indexing search results when there is a valid court order to do so, its failure to de-index Plaintiff's search results (even though he does not have a valid court order) is based on race and evidences that Yahoo selectively enforces its de-indexing policy in a discriminatory fashion (*see*, *e.g.*, Second Opposition, ¶¶ 2, 9-11). The Second Opposition also asserts for the first time the allegation that Yahoo used and profited from the Plaintiff's alleged marks in connection with internet advertising (although the Complaint itself reveals that such claims could not apply to Yahoo). (Second Opposition, ¶¶ 7, 8).

On May 23, in a consolidated response Yahoo timely replied to the First Opposition and opposed the Contempt Motion (Dkt. No. 31) ("Yahoo's Consolidated Response"). Because Plaintiff already filed the First Opposition, and also because the Second Opposition (and

everything else filed by Plaintiff) is baseless, Yahoo did not respond to the Second Opposition. Instead, Yahoo filed a letter objecting to the Second Opposition as an improper attempt to get a second bite at the apple (Dkt. No. 33).

In the few hours between Yahoo's filing of the Consolidated Response and its objection to the Second Opposition, Plaintiff filed yet another opposition to Yahoo's Motion (Dkt. No. 32) (the "Third Opposition"). In the Third Opposition, Plaintiff, among other things, re-affirmed the false accusations from his previous filings (Third Opposition, ¶ 1).[1]

With the foregoing as background, Yahoo replies to the Second Opposition, the Third Opposition, and all of Plaintiff's related filings as follows:

### III. ARGUMENT

As an initial matter, Yahoo maintains its objection that Plaintiff's Second and Third Oppositions should not be considered because Plaintiff already filed an initial opposition to Yahoo's Motion (the First Opposition) and did not seek leave to file additional oppositions. Because the Second and Third Oppositions are nothing more than surreplies submitted in violation of Rule 2.C. of this Court's individual rules, the Court should not consider anything Plaintiff stated in the additional oppositions. *See also Andrews v. Freemantlemedia N.A., Inc.*, No. 13 Civ. 5174 (NRB), 2014 WL 6686590, at *16 (S.D.N.Y. Nov. 20, 2014) (refusing to reinstate supplemental opposition brief stricken for being filed in noncompliance with the Court's individual rules of practice). Nonetheless, should the Court be compelled to consider those filings, the Complaint nevertheless be dismissed.

---

[1] Plaintiff's Second and Third Oppositions also include requests that the Court seal the record "owing to the sensitive nature of the case proceedings and due to Defendants' further harassment thereon." However, true to form, Plaintiff did not follow the appropriate procedure or address the legal standard for seeking to file documents under seal. As such, Plaintiff's requests to seal should be summarily denied. *See* J. Paul Oetken Individual Practices in Civil Cases, ¶ 2(E); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2nd Cir. 2006).

Taking all of Plaintiff's oppositions, contempt motions, and other filings together, Plaintiff essentially argues that Yahoo's Motion to Dismiss should be denied for two reasons: (1) Yahoo selectively enforces its de-indexing policy in a discriminatory fashion; and (2) Yahoo infringed Plaintiff's marks by using/profiting off of them in advertising. As set forth below, neither of these arguments is sufficient to overcome dismissal, and any attempt to amend the Complaint would be futile.

1. **Plaintiff's unfounded claims of discrimination are insufficient to overcome Yahoo's Motion to Dismiss**

Plaintiff's various oppositions do not cite a single precedential – much less relevant – case. Instead, Plaintiff focuses on a new – and entirely false – allegation that Yahoo ignored a court order to de-index search listings for Plaintiff because Plaintiff is Indian American and Plaintiff's alleged prior court order was issued by an African American judge (*see*, *e.g.*, First Opposition, ¶ 4).

First, there are simply no allegations of discriminatory conduct in the Complaint. Second, even assuming Plaintiff could timely amend the Complaint to make the same patently false allegations of discrimination made in his affidavits, such amendment would be futile because the affidavits themselves establish that any claims based on such discrimination must fail. By Plaintiff's own admission, a valid court order is needed to trigger Yahoo's alleged de-indexing policy in the first place. *See*, *e.g.*, First Opposition, ¶ 4 ("[A]lthough [Defendants] normally remove or de-index postings when there is a court order . . . they would not do so in the present case because the NY Supreme Court Judge making the order was African-American, and Plaintiff was Indian-American."). But Plaintiff also admits that no valid court order exists on which to base Yahoo's alleged obligation to de-index the search results that Plaintiff complains of. *See* Second Opposition, ¶ 6 (alleging "both Plaintiff and NYS Supreme Court Judge []

withdr[e]w the entire lawsuit and claims"); *see also* Dkt. No. 31, Ex. A (order dismissing State Court Action for failure to state a claim upon which relief can be granted).

Accordingly, because there is no court order for Yahoo to allegedly discriminatorily ignore, not even Plaintiff's outright lies about discriminatory conduct can save his Complaint.

2. **Plaintiff's mere statement that allegations about trademark infringement based on internet advertising also apply to Yahoo is insufficient to overcome Yahoos Motion.**

First, with respect to the trademark infringement allegations based on the appearance of Plaintiff's alleged marks in Yahoo's non-paid organic search results, Yahoo reiterates the unrefuted legal arguments set forth in its Motion. (Dkt. Nos. 20-1, 29).

Second, with respect to Plaintiff's claim that he has properly alleged that Yahoo infringes his marks in paid advertising, Yahoo responds that Plaintiff has no legal or factual support. The Complaint properly distinguishes between paid advertising and non-paid organic search results. Although Plaintiff makes allegations about both types of uses against Google and Microsoft, his only allegations against Yahoo are as to non-paid organic search results. *See*, *e.g.*, Compl., ¶¶ 2, 4 ("Google Adwords is making money off of my protected Trademarks . . . to the tune of almost $13 per click." "Google is *not only* making a ton of money using my trademarks but they are *also* listing my trademarks when people search for my trademarks . . . .") (emphasis added); Compl., ¶ 7 ("Plaintiff has requested that Microsoft Bing, also *benefitting as above with their advertising*, similarly remove or de-index the following links.") (emphasis added). Plaintiff's attempt to merely lump Yahoo into allegations made against the other defendants is insufficient and must fail. *See*, *e.g.*, *Atuahene v. City of Hartford*, 10 F. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [Rule 8's] minimum standard.").

6

Third, Plaintiff's false and unfounded allegations about what counsel for Yahoo said to Plaintiff about Yahoo's advertising (*see* Second Opposition, ¶ 8), even if true, would not save the Complaint from dismissal. No such allegations appear in the Complaint and any amendment to add them would be futile because (1) no paid ads appear in the search results identified by Plaintiff, and (2) none of the ads appearing on the third party websites that link to those search results use Plaintiff's alleged marks or compete with Plaintiff (*see* RJN, Exs. 2-6). *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2nd Cir. 2000) (amendment futile where problem with claim is substantive and better pleading will not cure it)

Moreover, even if such ads did exist, such use is not actionable. Infringement claims based on this type of use implicate initial interest confusion, which arises when a consumer is directed to the defendant's website when using a search engine to search for the plaintiff's mark. *Savin Corp. v. Savin Group*, 391 F.3d 439, 462, n. 13 (2d Cir. 2004). However, "[b]ecause consumers diverted on the Internet can more readily get back on track than those in actual space, thus minimizing the harm to the owner of the searched-for site from consumers becoming trapped in a competing site, Internet initial interest confusion requires a showing of intentional deception." *Id.*

Yahoo did not use Plaintiff's marks at all, let alone with intentional deception, and Plaintiff does not – because he cannot – allege intentional deception by Yahoo. Accordingly, even if the Complaint did allege that Yahoo used the Plaintiff's marks in paid advertising, which it does not, Plaintiff still fails to state a claim upon which relief can be granted.

### IV. CONCLUSION

The Court should not consider any of Plaintiff's filings beyond the First Opposition, but even if it does, for the reasons stated above, the Complaint should be dismissed in its entirety, with prejudice.

Dated: May 31, 2016

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

*/s/ Jeremy A. Schachter*
Jeremy A. Schachter (JS 2181)
The Grace Building
1114 Avenue of the Americas
21st Floor
New York, New York 10036
Telephone: (212) 775-8750
jschachter@kilpatricktownsend.com

Dennis Wilson (admitted *pro hac vice*)
Caroline Barbee (admitted *pro hac vice*)
9720 Wilshire Blvd PH
Beverly Hills, California 90212
Telephone: (310) 777-3740
dwilson@kilpatricktownsend.com
cbarbee@kilpatricktownsend.com

*Attorneys for Defendant Yahoo Inc.*