**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAHUL MANCHANDA,<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE, YAHOO,<br>MICROSOFT BING,<br><br>        Defendants. | Case No. 1:16-cv-03350-JPO |

## **GOOGLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT**

Stephen N. Gikow
WILSON SONSINI GOODRICH & ROSATI, PC
One Market Plaza
Spear Tower
Suite 3300
San Francisco, CA 94105-1126
Email:  sgikow@wsgr.com
Telephone:  (415) 947-2000
Facsimile:  (415) 947-2099

*COUNSEL FOR DEFENDANT*
GOOGLE INC.

In this *pro se* action, Plaintiff Rahul Manchanda, a practicing lawyer, has filed a frivolous Motion for Contempt.

Plaintiff asks this Court to find that Microsoft, Google and Yahoo (the "Search Engines") violated two orders (although he describes and attaches only one in his motion papers) from a New York state court proceeding that never applied to them. In that proceeding, brought only against John Does, Plaintiff apparently secured a dubious *ex parte* order against the Doe defendants directing them to remove certain content from the Internet based on Plaintiff's contention that it was defamatory. Nowhere did that order direct the Search Engines to take any action, nor could it, since they were not parties to the case. Moreover, even Plaintiff admits that the judge in the prior New York state court action subsequently "reverse[d] his decision and withdr[e]w his court orders." *See* Motion ("Mot.") for Contempt, Dkt. No. 26, at ¶ 6. Thus, even if there ever was an order to be enforced against the Search Engines (and there was not), Plaintiff knows there is no such order now.

Given the total absence of an enforceable order, Plaintiff's motion for contempt is a non-starter. Indeed, it appears Plaintiff filed this motion not as a serious request for relief, but rather as a vehicle to voice specious charges of racial animus and discrimination. *See* Mot. for Contempt at ¶¶ 3-5.[1] Nevertheless, Plaintiff remarkably demands $100,000,000 (a

---

[1] Plaintiff asserts that the Search Engines "chose to ignore those court orders from a NY Supreme Court Judge because he was African-American" and that Defendants' counsel "indicated that they only remove listings when they are from a White or Jewish Judge." Mot. for Contempt ¶ 3, 4. Plaintiff offers no evidence to support these disgraceful accusations. But he has doubled and tripled down on the narrative, submitting a series of procedurally improper filings making more unsupported and irrelevant accusations of racial animus against Defendants. *See, e.g.* Brief and Mem. of Law ISO Mot. for Contempt, Dkt. No. 37 (accusing the Search Engines of racial prejudice and promoting "Anglo-Zionist propaganda," and attaching articles unrelated to his case); Reply Affidavit, Dkt. No. 39 (same). These allegations reflect a profound disregard for Plaintiff's obligations (a) under Rule 11; (b) as a
(continued...)

figure he pulls from thin air) as recompense for the Search Engines' supposedly "vexatious and harassing litigation." Mot. for Contempt at 2. But only Plaintiff has engaged in such misconduct. His motion should be rejected out of hand.

## **ARGUMENT**

Background: This motion and this case are merely the latest steps in a long-running campaign by Plaintiff to censor content from the Internet that paints him a negative light. Although Google is not privy to the entire affair, it is clear that Plaintiff filed a lawsuit back in 2013 in New York Supreme Court against only John Doe Defendants (the "Doe Action"). *See Anonymous v. Does, John 1 thru 47, Index No. 101158/13 (N.Y. Sup. Ct.).*[2] He claimed these Does had posted defamatory comments, reviews, and news articles about him. *See* Declaration of Stephen N. Gikow ("Gikow Decl."), Exhibit ("Ex.") 1 ¶ 2 (Complaint in *Manchanda Law Offices & Associates PLLC v. John Does 1-40*, Index No. 101158/13 (N.Y. Sup. Ct.)). Proceeding *ex parte* without serving any of the Doe defendants (since it seems that he did not to know their identities), Plaintiff apparently secured, at the outset of the case, an order from Judge Milton A. Tingling that was styled a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction. That is the order attached to Plaintiff's motion papers here. *See* Mot. for Contempt, Dkt. No. 26-3.

The order is odd in multiple respects. Among other things, it appears to make conclusive factual findings in a matter without ever hearing from the Doe defendants who

---

(...continued from previous page)
member of the bar; and (c) to basic decorum. If the Court believes they are deserving of a further response, Google would be happy to provide one.

[2] The caption for the Doe Action was apparently modified over time to add additional Doe defendants and remove Plaintiff's law firm's name. The original caption appears to have been *Manchanda Law Offices & Associates PLLC v. John Does 1-40*, Index No. 101158/13 (N.Y. Sup. Ct.).

apparently were never served. Further, it is unusual that a court would enter a "permanent injunction" at the outset of a case, all the more so because the "permanent injunction" language is handwritten as if it was added by someone after-the-fact. And the order directs the Doe defendants to remove content that they posted from the Internet—in what amounts to a prior restraint—on an *ex parte* basis. Order, *Manchanda Law Offices & Associates PLLC v. John Does 1-40*, Index No. 101158/13 (N.Y. Sup. Ct. Aug. 26, 2013), Dkt No. 26-3.

In any event, having somehow obtained this order, Plaintiff forwarded it to Google (and apparently Microsoft as well), asserting that the order required that they remove from their search engines any link to the content about which Plaintiff complained in the Doe Action. Google responded that the Order was not directed to Google on its face; that any order as against Google would violate Due Process because Google was not a party in the Doe Action and had no notice of the proceedings; and that any order against Google would run afoul of the federal statutory immunity under 47 U.S.C. §230(c) ("Section 230") that shields interactive computer service like Google from such claims. *See* Gikow Decl., Ex. 2 at 1-3 (final order in *Anonymous v. Does, John 1 thru 47*, Index No. 101158/13 (N.Y. Sup Ct. March 25, 2014)) (discussing Google's correspondence with Plaintiff); *see also Obado v. Magedson*, 2014 WL 3778261, *4 (D.N.J. July 31, 2014) (Section 230 bars claims against Google, including requests for injunctive relief, arising from links in its search results to alleged defamatory statements posted online by third parties); *Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 500-01 (E.D. Pa. 2006) (Section 230 bars claims against Google based on links in search results to allegedly defamatory material posted online by third parties), *aff'd*, 242 Fed. Appx. 833 (3d Cir. 2007).

In a procedure into which Google has only limited insight, Plaintiff returned on an *ex parte* basis to Judge Tingling, citing the Temporary Restraining Order, Preliminary Injunction and Permanent Injunction and asking him to compel Google and Microsoft to remove links to third-party content (or "URLs") about which he complained. In response, Judge Tingling issued a detailed written order rejecting Plaintiff's request. *See* Gikow Decl., Ex. 2. Judge Tingling explained that Google (and Microsoft) were immunized under Section 230, and explicitly held that "Google and Microsoft are under no obligation to remove the URL's from their search results." *Id*. at 3. In the same order, Judge Tingling dismissed Plaintiff's case against the Does. *Id*. at 4-5.

Despite Judge Tingling's unambiguous final order and dismissal, Plaintiff filed this action two years later in New York State Civil Court, demanding again that Google, Microsoft and now Yahoo as well, remove from their search results links to third-party content that Plaintiff contends is defamatory. Plaintiff's Complaint in this case, which suffers from myriad deficiencies, is essentially a rehash of his Doe Action. This time, however, rather than suing the anonymous posters of the content, he has sued the Search Engines who merely link to that content in search results.

Yahoo removed Plaintiff's new action to this Court and has already moved to dismiss the Complaint. Yahoo's Mot. to Dismiss, Dkt. No. 28. Google's deadline to respond to the Complaint is June 13. Memo Endorsement re: Letter Filed by Google, Dkt. No. 24. At that time Google expects to join Yahoo's motion, and add several other grounds for dismissal.

<u>Plaintiff's Motion</u>: Before Microsoft and Google have even responded to Plaintiff's Complaint, he has filed what he calls a motion for contempt. In it, he claims that Microsoft, Google and Yahoo refused to comply with the order from his Doe Action. Mot. for Contempt

-4-

at ¶¶ 2-3. But Plaintiff already sought to enforce the order against the Search Engines in state court and was resoundingly rebuffed, with the Judge holding that Google could not be forced to remove links to the content at issue and dismissing the entire case.

Plaintiff himself even acknowledges that the earlier order is not operable (Mot. at ¶ 6), yet he somehow still insists that there is an order governing the Search Engines that they have refused to honor. That is nonsense. There is no such order, and no basis for a motion for contempt.[3]

Even if there were a still-extant enforceable order that ever applied to Google, the proper course for Plaintiff would be to seek to enforce that order before Judge Tingling. *See, e.g.*, N.Y. Supreme Court Rules, 3rd Judicial District ("An application for the issuance of an order to show cause to punish for contempt *shall be made directly to the assigned justice or judge who signed the judgment or order which is the subject of the contempt application*." (emphasis added)), available at https://www.nycourts.gov/courts/3jd/JudgesRules/3JD-Judges%20Rules.shtml. Judge Tingling is in a far better position to interpret and apply his own prior rulings. Plaintiff apparently eschewed that approach because he knows that Judge Tingling has already rejected the relief he seeks here.

Moreover, the primary reason Judge Tingling gave for denying Plaintiff relief in the Doe Action remains applicable here. As he unambiguously held, Section 230 bars Plaintiff's

---

[3] As the Second Circuit has explained, a party may only be held in contempt of an order if: "'(1) the order . . . is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Liberty Propane L.P. v. Feheley*, 522 Fed. Appx. 38, 38-39 (2d Cir. 2013) (quoting *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs.*, Inc., 369 F.3d 645, 655 (2d Cir. 2004)); *also id.* at 39 ("A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed." (quotation marks and citations omitted)). Plaintiff's motion fails first for want of an enforceable order, but also because he has not and could not establish that any such order was clear and unambiguous as to Google.

demand for an order against the Search Engines that would require them to remove links from their search results to content that other parties post on the Internet. Gikow Decl., Ex. 2 at 2-3; *see also* 47 U.S.C. § 230(c)(1) ([n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."); 47 U.S.C. § 230(e)(3) (barring any "cause of action" under "any State or local law that is inconsistent with this section").[4] That remains true despite Plaintiff's attempted end-run around Judge Tingling's decision.

In sum, there is not, has never been, and could not be an order directing Google to remove links from its search engine to content that Plaintiff claims is defamatory. Plaintiff's motion charging that Google is in contempt of this non-existent order should be summarily denied.

---

[4] Section 230 bars Plaintiff's defamation claim against Google in this case in its entirety. *See, e.g., Obado*, 2014 WL 3778261, *4 (Section 230 bars tort claims against Google arising from links in its search results to alleged defamatory statements posted online by third parties); *Dowbenko v. Google Inc.*, 991 F. Supp. 2d 1219, 1220 (S.D. Fl. 2013) (Section 230 bars tort claims against Google arising from allegedly defamatory statements posted online by third parties to which Google provided links in its search results) *aff'd* 582 F. App'x 801 (11th Cir. 2014)*; Mmubango,* 2013 WL 664231, *3 (same); *Parker*, 422 F. Supp. 2d at 500-01 (same). That includes any claim for injunctive relief against Google. *See, e.g., Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 540 (E.D. Va. 2003) ("[G]iven that the purpose of § 230 is to shield service providers from legal responsibility for the statements of third parties, § 230 should not be read to permit claims that request only injunctive relief.") *aff'd*, 2004 WL 602711 (4th Cir. Mar. 24, 2004); *Smith v. Intercosmos Media Grp., Inc.*, 2002 WL 31844907, *5 (E.D. La. Dec. 17, 2002) ("[A]ny claim made by the plaintiffs for damages or injunctive relief . . . are precluded by the immunity afforded by Section 230(c)(1), and subject to dismissal.").

| | |
|---|---|
| Dated: June 3, 2016 | Respectfully submitted,<br><br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>      */s/ Stephen N. Gikow*<br>STEPHEN N. GIKOW<br><br>One Market Plaza<br>Spear Tower, Suite 3300<br>San Francisco, CA  94105-1126<br>Telephone:  (415) 947.2000<br>Facsimile:   (415) 947-2099<br>Email:  sgikow@wsgr.com<br><br>*Counsel for Defendant Google Inc.* |