**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Rahul Manchanda,<br><br>                Plaintiff,<br><br>                -against-<br><br>Google, Yahoo, and Microsoft Bing,<br><br>                Defendants. | No. 16-cv-3350 (JPO)(JCF) |

**<u>DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT</u>**

# TABLE OF CONTENTS

**Page**

BACKGROUND ................................................................................................................. 1

ARGUMENT .................................................................................................................... 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anonymous v. John Does 1-40*,
　　Index. No. 101158/2013 ...............................................................................................1

*King v. Allied Vision, Ltd.*,
　　65 F.3d 1051 (2d Cir. 1995) ..........................................................................................3

*Liberty Propane L.P. v. Feheley*,
　　522 Fed. Appx. 38 (2d Cir. 2013) ..................................................................................3

**Statutes**

18 U.S.C. § 401 ......................................................................................................................3

18 U.S.C. § 402 ......................................................................................................................3

47 U.S.C. § 230 ...................................................................................................................2, 3

**Other Authorities**

*URL*, Webopedia Online Tech Dictionary for IT Professionals ............................................2

Defendant Microsoft Corporation ("Microsoft"), by and through its undersigned counsel, hereby opposes Plaintiff's Motion for Contempt. *See* Dkt. 26 [Motion for Contempt].

**BACKGROUND**

Plaintiff asks this Court hold Microsoft in contempt for violating two *ex parte* orders of the Supreme Court of the State of New York, issued nearly three years ago in an action Plaintiff brought against "John Does 1-40," which relates to Plaintiff's demand that the defendants in that case remove content from the Web site ripoffreport.com that Plaintiff found objectionable. Microsoft was not a party to that action, or to any order issued therein.

Plaintiff obtained an *ex parte* temporary restraining order against John Does 1-40 in the state court action, and claims that the state court converted this provisional relief to a permanent injunction in an order dated August 26, 2013. The August 26, 2013, order, however, appears to be a temporary restraining order with the words "permanent injunction" and "final permanent" handwritten on it in several places. Dkt. No. 26-3 [Order on Motion for Temporary Restraining Order and Preliminary Injunction].[1]

Despite the fact that Microsoft was not a party to the state court action or any order issued therein, Plaintiff attempted to enforce the August 26, 2013 state court order against Microsoft (and other non-parties), demanding that Microsoft immediately remove from Bing™ search results any links to third-party Web sites posting the content that allegedly defamed Plaintiff and violated his trademarks. *See* Dkt. No. 26 [Motion for Contempt], ¶ 2. Plaintiff also demanded monetary damages from Microsoft and the other non-parties.

---

[1] The state court's subsequent order dismissing Plaintiff's complaint against the John Does makes no mention of a permanent injunction and references only a *temporary* restraining order. The case file in *Anonymous v. John Does 1-40*, Index. No. 101158/2013 is sealed; thus, Microsoft cannot obtain copies of filings from the Clerk's office that might confirm the entry of a permanent injunction.

- 1 -

The state court rejected all of Plaintiff's claims for relief against Microsoft and the other non-parties, and dismissed Plaintiff's complaint against the John Doe defendants in its entirety. In a written opinion dated March 28, 2014, the state court held that Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230, immunized Microsoft (and Google) from liability for any of the content about which Plaintiff complained, and that "Google and Microsoft are under no obligation to remove the URLs from their search results."[2] Dkt. No. 29-1, Ex. 1 [order dismissing complaint] (hereinafter "Dismissal Order"). The state court further held that Plaintiff established no trademark infringement. *Id.* at 4.

Plaintiff filed this action in New York State Civil Court on April 4, 2106, seeking essentially the same relief it unsuccessfully sought in the state court action. Yahoo, with the consent of the other defendants, removed the case to this Court on May 5, 2016. Dkt. No. 1 [Notice of Removal]. Plaintiff's complaint is deficient in a number of ways, as explained in the Memorandum in Support of Microsoft Corporation's Motion to Dismiss, filed today.

## **ARGUMENT**

Plaintiff's Motion for Contempt alleges that Microsoft failed to comply with the state court's August 2013 orders, and seeks injunctive relief and $100 million in damages. Dkt. No. 37. The Court should deny Plaintiff's motion because Microsoft was not mentioned in and was never bound by the state court's orders, which, in any event, the state court later withdrew. And, when Plaintiff previously sought to enforce the orders against Microsoft and other non-parties, the state court unambiguously rejected Plaintiff's attempt and expressly held that Microsoft was "under no obligation to remove the URL's from [its] search results." Dismissal Order, at p. 3.

---

[2] A uniform resource locator (URL) is the global address of documents and other resources on the World Wide Web. *URL*, Webopedia Online Tech Dictionary for IT Professionals available at http://www.webopedia.com/TERM/U/URL.html.

Plaintiff cannot use contempt proceedings in this Court as a vehicle to resurrect *ex parte* orders that the issuing court already concluded did not bind Microsoft.

Even if the state court's orders had bound Microsoft and were still in effect, Plaintiff's motion would fail because this Court is not the proper forum for enforcement of a state court order through a contempt motion. *See* 18 U.S.C. § 401 ("A court of the United States shall have the power to punish … such contempt of ***its authority***, ***and none other***, as … disobedience or resistance to is lawful writ, process, order, rule, decree, or command") (emphasis added); 18 U.S.C. § 402 ("Any person, corporation or association willfully disobeying any lawful writ, process, order, rule, decree, or command of ***any district court of the United States or any court of the District of Columbia***, … shall be prosecuted for such contempt…") (emphasis added). Thus, even if Microsoft had been bound to follow the state court orders, which the issuing court already determined it was not, Plaintiff's remedy would be to seek relief from the state court.[3]

Simply put, there is no order directing Microsoft to remove links from its search engine results to content that Plaintiff alleges to be defamatory. There never was such an order, which Section 230 of the CDA precludes in any event.[4] Even if there were such an order, this Court would not be the appropriate forum for its enforcement through a contempt proceeding and, in any event, there is no circumstance in which Plaintiff would be able to establish that any order

---

[3] Even if this Court were the proper forum for Plaintiff's motion, contempt is unwarranted because Microsoft was not a party to the action in which the orders were entered, and the orders do not mention Microsoft at all. Thus, Plaintiff cannot establish an element that is essential to a contempt finding: an order that is "clear and unambiguous" as to Microsoft. *See Liberty Propane L.P. v. Feheley*, 522 Fed. Appx. 38, 39 (2d Cir. 2013) ("A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed") quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

[4] *See, e.g.*, *Murawski v. Pataki*, 514 F. Supp. 2d 577, 591 (S.D.N.Y. 2007) (Section 230(c) of the CDA immunizes internet service providers from defamation and other claims arising from third-party content).

3

was clear and unambiguous as to Microsoft. For all of the reasons set forth above, Microsoft respectfully requests that the Court deny Plaintiff's motion for contempt.[5]

|  |  |
|---|---|
| DATED: New York, New York<br>June 13, 2016 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>By: /s/ *Richard S. Goldstein*<br>Richard S. Goldstein<br>51 West 52nd Street<br>New York, NY 10019<br>Tel: (212) 506-5000<br>Fax: (212) 506-5151<br>Email: rgoldstein@orrick.com<br><br>*Attorneys for Microsoft Corporation* |

---

[5] Plaintiff's motion (and other filings) contain several baseless allegations of racism and discrimination by Microsoft and its lawyers, as well as the absurd assertion that Justice Tingling only withdrew his August 26, 2013, order in response to "bullying" and "browbeating" by Microsoft and others. Dkt. No. 26 [Motion for Contempt] ¶ 6. Microsoft categorically rejects the former, and the state court's reasoned opinion in the prior action speaks for itself as to the latter. If the Court wishes a further response from Microsoft on these issues, we will be happy to provide one.