**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAHUL MANCHANDA, | Case No. 1:16-cv-03350-JPO-JCF |
| Plaintiff, | |
| v. | |
| GOOGLE, YAHOO, MICROSOFT BING, | |
| Defendants. | |

<u>**GOOGLE INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

Stephen N. Gikow
WILSON SONSINI GOODRICH & ROSATI, PC
One Market Plaza
Spear Tower
Suite 3300
San Francisco, CA 94105-1126
Email: sgikow@wsgr.com
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

*COUNSEL FOR DEFENDANT*
GOOGLE INC.

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................... 1

BACKGROUND ...................................................................................................... 2

LEGAL STANDARD................................................................................................. 6

ARGUMENT ............................................................................................................ 7

    I.      VIRTUALLY ALL OF PLAINTIFF'S CASE IS BARRED BY COLLATERAL ESTOPPEL. .................................................................. 7

    II.     SECTION 230 BARS PLAINTIFF'S TORT AND RELATED CLAIMS. ......... 10

    III.   THE STATUTE OF LIMITATIONS BARS MOST OF PLAINTIFF'S DEFAMATION-RELATED CLAIMS. ............................................................ 13

    IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT................................................................................. 16

    V.    PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UNDER HIS OTHER CAUSES OF ACTION...................................... 19

CONCLUSION....................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*1-800 Contacts, Inc. v. WhenU.com, Inc.*,
    414 F.3d 400 (2d Cir. 2005)...................................................................16, 18

*Ali v. Mukasey*,
    529 F.3d 478 (2d Cir.2008)...........................................................................7

*Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders*
    *Ass'n, Inc.*, No. 10 CIV. 3314 RWS,
    2015 WL 4033019 (S.D.N.Y. June 29, 2015) .................................................18

*Ascentive, LLC v. Opinion Corp.*,
    842 F. Supp. 2d 454 (E.D.N.Y. 2011) ...........................................................17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................6, 7, 19

*Austin v. Downs, Rachlin & Martin*,
    114 F. App'x 21 (2d Cir.2004) .....................................................................9

*Barnes v. Yahoo!, Inc.*,
    570 F.3d 1096 (9th Cir. 2009) ....................................................................11

*Batzel v. Smith*,
    333 F.3d 1018 (9th Cir. 2003) ....................................................................12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................6, 7

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002).........................................................................6

*Cintas Corp. v. Unite Here*,
    601 F. Supp. 2d 571 (S.D.N.Y. 2009),
    *aff'd*, 355 Fed. App'x 508 (2d Cir. 2009) .....................................................17

*Collins v. Purdue Univ.*,
    703 F. Supp. 2d 862 (N.D. Ind. 2010) ..........................................................12

*Constantine v. Teachers Coll.*,
    448 F. App'x 92 (2d Cir. 2011) ................................................................7-8

*Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*,
    604 F.2d 200 (2d Cir. 1979)....................................................................18-19

*deVere Group GmbH v. Opinion Corp.*,
    877 F. Supp. 2d 67 (E.D.N.Y. 2012) ...........................................................19

*Dillon v. City of New York*,
    261 A.D.2d 34, 704 N.Y.S.2d 1 (1999) ...............................................15

*Dimeo v. Max*,
    433 F. Supp. 2d 523 (E.D. Pa 2006),
    *aff'd*, 248 Fed. App'x 280 (3d Cir. Pa 2007) ....................................13

*Dowbenko v. Google Inc.*,
    991 F. Supp. 2d 1219 (S.D. Fl. 2013),
    *aff'd,* 582 F. App'x 801 (11th Cir. 2014)........................................10

*Fequiere v. Tribeca Lending*,
    No. 14-CV-812 (RRM)(LB), 2016 WL 1057000
    (E.D.N.Y. Mar. 11, 2016) ..............................................................9

*Firth v. State*,
    98 N.Y.2d 365 (N.Y. 2002) ...........................................................14

*Getachew v. Google, Inc.*,
    491 F. App'x 923 (10th Cir. 2012) ................................................10

*Giannone v. York Tape & Label, Inc.*,
    548 F.3d 191 (2d Cir.2008)..........................................................8

*Graham v. Select Portfolio Servicing, Inc.*,
    No. 15-CV-183 (JGK), 2016 WL 215237 (S.D.N.Y. Jan. 18, 2016) .....................8, 9, 10

*Green v. Am. Online (AOL)*,
    318 F.3d 465 (3d Cir. 2003)....................................................12, 13

*Gregoire v. G.P. Putnam's Sons*,
    298 N.Y. 119 (N.Y. 1948) .............................................................14

*Haughton v. Burroughs*,
    No. 98 Civ. 3418(BSJ), 2004 WL 330242 (S.D.N.Y. Feb. 23, 2004) ...........................10

*HBO, Inc. v. Showtime/The Movie Channel Inc.*,
    832 F.2d 1311 (2d Cir.1987)..........................................................18

*Johnson v. Arden*,
    614 F.3d 785 (8th Cir. 2010) ..........................................................11

*Johnson v. Watkins*,
    101 F.3d 792 (2d Cir.1996)............................................................8

*Lesesne v. Brimecome*,
    918 F. Supp. 2d 221 (S.D.N.Y. 2013)..................................................14

*Mmubango v. Google, Inc.*,
    No. 12-1300, 2013 WL 664231 (E.D. Pa. Feb. 22, 2013) .........................................10, 13

*Muhammad v. Maduekwe*,
    No. 13 CIV. 6026 (CM), 2016 WL 829740 (S.D.N.Y. Feb. 29, 2016) .........................8, 9

*Mushroom Makers, Inc. v. R.G. Barry Corp.*,
  580 F.2d 44 (2d Cir. 1978) ................................................................................18

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
  591 F.3d 250 (4th Cir. 2009) ...........................................................................13

*Nieman v. Versuslaw, Inc.*,
  No. 12-3104, 2012 WL 3201935 (C.D. Ill. June 13, 2012) .............................10

*Milgram v. Orbitz Worldwide, Inc.*,
  16 A.3d 1113 (2010) ........................................................................................13

*Noah v. AOL Time Warner, Inc.*,
  261 F. Supp. 2d 532 (E.D. Va. 2003),
  *aff'd*, 2004 WL 602711 (4th Cir. Mar. 24, 2004) ...........................................12

*Novins v. Cannon*,
  Civ. No. 09-5354, 2010 WL 1688695 (D.N.J. April 27, 2010) ........................13

*Obado v. Magedson*,
  No. 13–2382 (JAP), 2014 WL 3778261 (D.N.J. July 31, 2014),
  *aff'd*, 612 Fed. App'x 90 (3rd Cir. 2015) ............................................. *passim*

*Olutosin v. Lee*,
  No. 14-CV-685 (NSR), 2016 WL 2899275 (S.D.N.Y. May 16, 2016) ..............8

*Parker v. Google, Inc.*,
  422 F. Supp. 2d 492 (E.D. Pa. 2006),
  *aff'd*, 242 F. App'x 833 (3d Cir. 2007) ................................................2, 10, 13

*Peralta v. St. Lukes Roosevelt Hosp.*,
  No. 14 CIV. 2609 KPF, 2015 WL 3947641 (S.D.N.Y. June 26, 2015) ............8

*Perfect 10, Inc. v. CCBill LLC*,
  488 F.3d 1102 (9th Cir. 2007) .........................................................................11

*Polaroid Corp. v. Polarad Elecs. Corp.*,
  287 F.2d 492 (2d Cir. 1961) ............................................................................19

*Savin Corp. v. Savin Grp.*,
  391 F.3d 439 (2d Cir. 2004) ............................................................................18

*Smith v. Intercosmos Media Grp., Inc.*,
  No. Civ.A. 02–1964, 2002 WL 31844907 (E.D. La. Dec. 17, 2002) ...............12

*Stayart v. Yahoo! Inc.*,
  651 F. Supp. 2d 873 (E.D. Wis. 2009), *aff'd*, 623 F.3d 436 (7th Cir. 2010) ....10

*Stevo Design, Inc. v. SBR Mktg. Ltd.*,
  968 F. Supp. 2d 1082 (D. Nev. 2013) ..............................................................17

*Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC*,
  221 F. Supp. 2d 410 (S.D.N.Y. 2002) ........................................................18-19

*Wilder v. Thomas,*
    854 F.2d 605 (2d Cir.1988)................................................8

*Zeran v. Am. Online, Inc.,*
    129 F.3d 327 (4th Cir. 1997) ...............................11, 12, 13

## STATUTES

15 U.S.C. § 1125(a)(1)(A) ......................................................16

47 U.S.C. § 230 ........................................................... *passim*

## RULES

Fed. R. Civ. P. 8(a)(2)...........................................................6, 7

Fed. R. Civ. P. 12(b)(6).........................................................6

N.Y. C.P.L.R. § 215 .............................................................14

N.Y. C.P.L.R. §3016 ............................................................15

# INTRODUCTION

This case is merely the latest step in a long-running campaign by Plaintiff aimed at censoring content on the Internet that paints him in a negative light.  Plaintiff Rahul Manchanda, a practicing lawyer proceeding *pro se*, has sued Google, Microsoft, and Yahoo (the "Search Engines"), claiming that they are liable for defamation, a dozen related state and common law causes of action, and trademark infringement, all because the Search Engines provide links to third party content that he does not like.  Plaintiff does not allege (nor could he allege in good faith) that the Search Engines actually created any of the content to which he objects.  Instead, Plaintiff claims that they should be liable for content that originates with others.  But these issues were already decided against Plaintiff in a prior action where he sought to force Google and Microsoft to remove nearly identical content making nearly identical defamation- and trademark-related claims.  As a result, Plaintiff is collaterally estopped from re-litigating those issues here.

Even if he were not estopped, Plaintiff's defamation-related claims are barred, as a matter of law, by the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"). Congress enacted Section 230 in 1996 to help the Internet develop into a thriving marketplace of ideas. The statute immunizes online services from the kinds of claims that Plaintiff brings against Google here.  Section 230 bars any cause of action that treats an "interactive computer service" like Google as the "publisher or speaker" of any content provided by a third party.  An unbroken line of dozens of cases have applied this immunity in circumstances indistinguishable from those here, including a host of cases involving Google and other search engines. Virtually all of Plaintiff's claims run headlong into that immunity and should be dismissed with prejudice.

Beyond that, Plaintiff's defamation-related claims are largely time-barred, as they arise from content almost all of which was published more than one year before he filed his Complaint.

As for the trademark claim, the court in Plaintiff's prior action already rejected his argument that his trademarks on his name and the name of his law practice can be brandished as a sword to silence critical reviews and news articles. That decision, binding on Plaintiff in light of collateral estoppel, is also correct as a matter of law.

As a last gasp, Plaintiff challenges the hypothetical sale of his names/marks as keywords to trigger the display of online advertising. Plaintiff apparently hopes that this theory will gain him leverage over the Search Engines in demanding they remove links to negative reviews and articles about him. But Plaintiff's claim is purely theoretical. Nowhere does Plaintiff allege that anyone other than he has attempted to use his marks to trigger online advertising. Likewise, Plaintiff fails to plead any facts showing that such theoretical use has created a likelihood of consumer confusion. Accordingly, here too, Plaintiff fails to state a claim. His Complaint should be dismissed in its entirety.

## **BACKGROUND**

Google provides various Internet services to the public through its website located at http://www.google.com, including the operation of an automated search engine that indexes the pages of other websites so they may be discovered through user-generated search queries. *See Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 494-95 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 833 (3d Cir. 2007). Unless the search results link to content actually authored by Google (none of which is at issue in this case), the links and images displayed in search results are simply pointers to

content generated by third parties.  *See Obado v. Magedson*, No. 13–2382 (JAP), 2014 WL 3778261, at *6 (D.N.J. July 31, 2014), *aff'd*, 612 Fed. App'x 90 (3rd Cir. 2015).

Plaintiff has waged a years-long campaign to remove criticism of him and his law firm from the Internet.  Although Google is not privy to the entire affair, it is clear that Plaintiff filed a lawsuit back in 2013 in New York Supreme Court against only John Doe Defendants (the "Doe Action").  *See Anonymous v. Does, John 1 thru 47*, Index No. 101158/13 (N.Y. Sup. Ct.).[1]  He claimed that these Does had posted defamatory comments, reviews, and news articles about him, and accused them of trademark infringement.  *See* Declaration of Stephen N. Gikow ISO Opposition to Motion for Contempt ("Gikow Decl."), Exhibit ("Ex.") 1,  Dkt. No. 41-1 (Complaint in *Manchanda Law Offices & Associates PLLC v. John Does 1-40*, Index No. 101158/13 (N.Y. Sup. Ct.)).  Proceeding *ex parte*, Plaintiff apparently secured, at the outset of the case, an order from Judge Milton A. Tingling that was styled a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction.  *See* Mot. for Contempt, Dkt. No. 26-3.

Having obtained this order against the Doe defendants, Plaintiff returned to Judge Tingling and tried to enforce it not against the Does, but against Google and Microsoft, claiming the order required that they remove from their search engines links to the content about which Plaintiff complained.  In response, Judge Tingling issued a detailed written order rejecting Plaintiff's request.  *See* Yahoo's Request for Judicial Notice, Ex. 1, Dkt. No 29-1 ("Doe Order").  Judge Tingling first discussed the sweeping immunity that federal law accords to online services under Section 230 for claims charging them with liability for

---

[1] The caption for the Doe Action was apparently modified over time to add additional Doe defendants and remove Plaintiff's law firm's name.  The original caption appears to have been *Manchanda Law Offices & Associates PLLC v. John Does 1-40*, Index No. 101158/13 (N.Y. Sup. Ct.).

content that originates with other parties. He walked through the requirements of the statutory immunity and concluded that it barred Plaintiff's attempt to seek relief against Google (and Microsoft). Specifically, he found that: (1) Google was an interactive service provider; (2) the content at issue was posted by another party; and (3) Plaintiff sought to hold Google liable as the publisher of that information. *Id*. at 3. Having concluded that Section 230 applied, Judge Tingling explicitly held that "Google and Microsoft are under no obligation to remove the URL's from their search results." *Id*. at 3.

Judge Tingling also rejected Plaintiff's attempt to invoke trademark law to force the removal of links to the content over which he was suing. The judge reasoned that "the law does not permit [trademark owners] to silence legitimate reporting, commentary, criticism, and artistic expression," and he concluded that "[h]ere consumers who were unsatisfied with the services plaintiff provided were addressing Plaintiff's name and business in criticisms." *Id*. at 4. Judge Tingling added that "Google [and] Microsoft . . . were conduits for this criticism but were not making the postings themselves." *Id*. And the court concluded that Plaintiff had failed to demonstrate that any of these materials created the likelihood of confusion necessary to support a trademark claim. *Id*.

After denying Plaintiff relief against the Search Engines, Judge Tingling dismissed Plaintiff's entire case. *See id*. at 2-5. Two years later, Plaintiff filed this action demanding again that Google, Microsoft, and now Yahoo as well, remove from their search results links to much of the same third-party content Plaintiff previous complained about, again on the theory that it is defamatory and infringes his trademarks. The Complaint is largely a rehash of his Doe Action. This time, however, rather than suing the anonymous posters of the content, he has directly sued the Search Engines who merely link to that content in search results.

The first thirteen of plaintiff's causes of action rest squarely on the negative reviews and stories about Plaintiff that third parties have posted to other websites. As to Google, Plaintiff complains of six links to web pages: five of those pages appear to contain negative third-party reviews of Plaintiff's services as a lawyer; the sixth is a New York Post article discussing a criminal case against Plaintiff. Notice of Removal, Ex. 1, Dkt. No.1 ("Complaint or "Compl.") ¶ 6.[2] The publication of that content and the Search Engines' display of links to it in search results is the basis for Plaintiff's claims of defamation, libel, slander, tortious interference with contract, breach of fiduciary duty, breach of the duty of loyalty, unfair trade practices, false advertising, unlawful trespass, civil RICO, unjust enrichment, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* ¶¶ a-m. But Plaintiff does little more in his Complaint than recite the names of those causes action, adding only that Google's search results include "defamatory, slanderous, and libelous links which contained multiple instances of erroneous information, poorly performed research, non-corroborated statements, defamatory portrayals of Plaintiff, reckless disregard for the truth, negligent disregard for the truth, sensationalism aimed at capitalizing on Plaintiff's quasi-celebrity status to sell newspapers and attract people to their paid print and online

---

[2] The links provided by Plaintiff as to Google are: (1) http://www.ripoffreport.com/r/Manchanda-Law-Offices-Rahul-Manchanda/New-York-New-York-10005/Manchanda-Law-Offices-Rahul-Manchanda-Lets-unite-and-fight-this-guy-I-already-won-a-fee-337859; (2) http://www.ripoffreport.com/r/rahul-manchanda/internet/rahul-manchanda-rahul-dev-manchanda-manchanda-law-firmrahul-manchanda-rahul-manchanda-f-1065994; (3) http://nypost.com/2015/06/01/woman-says-man-from-sugar-daddy-site-threatened-to-kill-her/; (4) http://www.complaintsboard.com/complaints/manchanda-law-office-pllc-new-york-new-york-c382370.html; (5) http://usacomplaints.com/shops-trade/594091-manchanda-law-firm-rahul-manchanda-complaints-reviews.html; (6) http://www.ripoffreport.com/r/manchanda-law/new-york-new-york-10005/manchanda-law-offices-worst-immigration-and-deportation-attorney-new-york-new-york-282791. Plaintiff bases his claims on these links and includes them in his Complaint; they are therefore incorporated by reference and "integral to the complaint," and should be considered on a motion to dismiss. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted); *see also* Yahoo's Request for Judicial Notice, Dkt. No. 29.

advertisements . . . ." *Id.* ¶ 9. No facts are pled, and Plaintiff does not even identify the specific statements he contends are actionable falsehoods.

Plaintiff's fourteenth cause of action is for trademark infringement. *Id.* ¶ n. Although it is difficult to discern precisely what Plaintiff alleges, his claim appears to be that: (1) the use of Plaintiff's "marks" (which consist merely of his name and the name of his law practice) in allegedly defamatory reviews is infringing, and thus the links to those reviews in search results are likewise infringing; and/or (2) because one can theoretically purchase advertising on the Search Engines that is tied to searches for his name and the name of his firm, the Search Engines are infringing Plaintiff's trademarks. *See id.* ¶¶ 2-5, 5a, 6, 9, 11.

Yahoo removed this case and has already moved to dismiss the Complaint. Yahoo's Mot. to Dismiss, Dkt. No. 28. Much of what Yahoo says is equally applicable to Google, and Google hereby joins in Yahoo's motion. Below Google offers further justifications for dismissal of the claims against it.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even a *pro se* complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard

"asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Moreover, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 (courts are "not bound to accept as true a legal conclusion couched as a factual allegation" (citation omitted)). Thus, a "formulaic recitation of the elements" of a claim is "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681 (citing Twombly, 550 U.S. at 554-55). Instead, the plaintiff must assert "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief." *Id.* at 679. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

### I.     VIRTUALLY ALL OF PLAINTIFF'S CASE IS BARRED BY COLLATERAL ESTOPPEL.

"'The fundamental notion of the doctrine of collateral estoppel, or issue preclusion, is that an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the parties or their privies.'" *Constantine v. Teachers Coll.*, 448 F. App'x 92, 93 (2d Cir. 2011) (quoting *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir.2008)). "This doctrine applies equally to judgments by New York state courts, to which a federal court must give 'the same preclusive effect as would be given to the

judgment under the law of the State in which the judgment was rendered.'" *Constantine*, 448 F. App'x at 93 (quoting *Johnson v. Watkins*, 101 F.3d 792, 794 (2d Cir. 1996)).

Plaintiff's prior action was in New York state court, so "New York's preclusion law determines whether Plaintiff's state action bars litigation of the present action." *Peralta v. St. Lukes Roosevelt Hosp.*, No. 14 CIV. 2609 KPF, 2015 WL 3947641, at *4 (S.D.N.Y. June 26, 2015) (citing *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 192–93 (2d Cir.2008)). "Under New York law, issue preclusion applies to preclude subsequent litigation when '[i] the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and [ii] the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination.'" *Peralta*, 2015 WL 3947641, at *4 (quoting *Constantine*, 448 F. App'x at 93). "The parties asserting issue preclusion . . . bear the burden of showing that the identical issue was previously decided, while the plaintiff bears the burden of showing the absence of a full and fair opportunity to litigate the issue in the prior proceeding." *Graham v. Select Portfolio Servicing, Inc.*, No. 15-CV-183 (JGK), 2016 WL 215237, at *6 (S.D.N.Y. Jan. 18, 2016) (noting that collateral estoppel is properly determined on a motion to dismiss). Of import, "it is not necessary that the issue have been 'actually litigated' in the sense that evidence have been offered on the point." *Olutosin v. Lee*, No. 14-CV-685 (NSR), 2016 WL 2899275, at *5 (S.D.N.Y. May 16, 2016) (citations and quotation marks omitted). Rather, "[f]or a question to have been actually litigated so as to satisfy the identity requirement, it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." *Id*. (citations omitted).[3]

---

[3] "[M]utuality of parties is not required for the application of defensive collateral estoppel." *Muhammad v. Maduekwe*, No. 13 CIV. 6026 (CM), 2016 WL 829740, at *6 (S.D.N.Y. Feb. 29, 2016) (citing *Wilder v. Thomas,* 854 F.2d 605, 621 (2d Cir.1988) (allowing different parties "to (continued...)

This case presents a textbook example of where collateral estoppel should apply. Plaintiff has already tried to force Google to remove links in its search results on both defamation and trademark grounds. But Judge Tingling rejected Plaintiff's arguments, expressly holding that: (i) Google is immune under Section 230 to Plaintiff's demands that it remove content; and (ii) to the extent Plaintiff's trademark claims are based upon the content of critical reviews, the reviews themselves do not support a trademark claim, nor does such a claim run against Google which merely served as a conduit for the criticism. Doe Order at 2-4. Plaintiff presented these issues in his prior Doe Action and actually litigated them. And they were resolved in a final judgment rejecting Plaintiff's positions and dismissing Plaintiff's case.

The same issues lie at the heart of Plaintiff's claims here. Once again, he contends that Google should be forced to remove search result links under various defamation-related causes of action because those links were to reviews and a news story that are critical of Plaintiff. Judge Tingling has already held that Section 230 bars such relief. The doctrine of collateral estoppel bars Plaintiff from attempting to relitigate that decision, and warrants dismissal of the thirteen causes of action that present the same question. *See Graham*, 2016 WL 215237, at *7 (dismissing various claims that "[were] predicated on issues litigated and decided in the state . . . proceeding."); *Fequiere v. Tribeca Lending*, No. 14-CV-812 (RRM)(LB), 2016 WL 1057000, at *1 (E.D.N.Y. Mar. 11, 2016) (dismissing claims that were precluded by earlier "state court judgment rendered against [plaintiff]").

---

(...continued from previous page)
invoke defensive collateral estoppel even though they were not parties to the state court proceeding."). "Indeed, as long as the plaintiff 'had an opportunity to fully and fairly litigate an issue and lost,' then even 'third parties unrelated to the original action can bar the [plaintiff] from relitigating that same issue in a subsequent suit.'" *Muhammad*, 2016 WL 829740, at *6 (quoting *Austin v. Downs, Rachlin & Martin,* 114 F. App'x 21, 22 (2d Cir.2004)).

To the extent that Plaintiff bases his trademark claim on the use of his name and the name of his firm in negative reviews and stories, Judge Tingling has rejected not only the notion that such use constitutes trademark infringement, but also that Google could be liable for trademark infringement by virtue of linking to those critical materials in its search results. Doe Order at 4. Here too, Plaintiff is collaterally estopped from re-litigating those issues in this case. Accordingly, to the extent Plaintiff's trademark claims are based on the appearance of his name or his firm's name in unflattering materials, or upon links in Google's search results to web pages containing those materials, his claims are barred as a matter of law. *See Graham*, 2016 WL 215237, at *7.[4]

## II.  SECTION 230 BARS PLAINTIFF'S TORT AND RELATED CLAIMS.

In his consideration of Section 230, Judge Tingling got it exactly right. The statute immunizes Google against any claim that seeks to hold it liable for content on the Internet that originates with third parties. An unbroken line of dozens of cases has applied Section 230 to dismiss claims just like those of Plaintiff here, that seek to hold search engines liable for content to which they link in their search results. *See, e.g., Obado*, 2014 WL 3778261, at *9 (dismissing under Section 230 variety of claims based on links in Google search results to materials posted by third parties); *Dowbenko v. Google Inc.*, 991 F. Supp. 2d 1219, 1220 (S.D. Fl. 2013) (same), *aff'd*, 582 F. App'x 801 (11th Cir. 2014)*; Mmubango v. Google, Inc.*, Civil Action No. 12-1300, 2013 WL 664231, at *8 (E.D. Pa. Feb. 22, 2013) (same); *Parker*, 422 F. Supp. 2d at 500-01 (same); *Getachew v. Google, Inc.*, 491 F. App'x 923 (10th Cir. 2012) (same); *Nieman v. Versuslaw, Inc.*, No. 12-3104, 2012 WL 3201935, at *5-6 (C.D. Ill. June 13, 2012) (same); *see*

---

[4] Google also believes that Plaintiff's claims are barred by res judicata. *See Haughton v. Burroughs*, No. 98 Civ. 3418 (BSJ), 2004 WL 330242, at *6-7 (S.D.N.Y. Feb. 23, 2004) (holding that plaintiff was barred from bringing different federal claims because they arose from the same set of transactions as prior state court complaints that were dismissed).

*also Stayart v. Yahoo! Inc.*, 651 F. Supp. 2d 873 (E.D. Wis. 2009) (dismissing with prejudice under Section 230 claims based on Yahoo search results for plaintiff's name that linked to unsavory content), *aff'd*, 623 F.3d 436 (7th Cir. 2010). Indeed, Section 230 bars any claim that seeks to hold Google liable for the content of others, no matter what legal theory Plaintiff invokes. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101-02 (9th Cir. 2009) ("[W]hat matters is not the name of the cause of action—defamation versus negligence versus intentional infliction of emotional distress—what matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another.").[5] Thus, even if Plaintiff were permitted to relitigate Section 230's applicability here (and he should not be), the result would be no different: Section 230 bars Plaintiff's defamation-based claims against Google.

Section 230 mandates that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C. § 230(c)(1), and it expressly preempts any state law to the contrary. *Id.* at § 230(e)(3). "By its plain language, § 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997); *accord Johnson v. Arden*, 614 F.3d 785, 791 (8th Cir. 2010) ("Read together, these provisions bar plaintiffs from holding ISPs legally responsible for information that third parties created and

---

[5] Section 230 recognizes only a handful of exceptions to its wide-ranging immunity. For example, claims for violation of the Electronic Communications Privacy Act are outside its ambit, as are prosecutors' efforts to enforce criminal laws. *See* 47 U.S.C. § 230(e)(1), (4). There is also an exception for claims arising under federal intellectual property laws. 47 U.S.C. § 230 (e)(2); *see also Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118-19 (9th Cir. 2007) (construing exception to mean "federal intellectual property" claims). For that reason, Google separately addresses Plaintiff's trademark claim, which is subject to dismissal both on collateral estoppel grounds (*see* Section I *supra*) and for failure to state a claim upon which relief can be granted (*see* Section IV *infra*).

developed.") (citation omitted); *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003)

("By its terms, § 230 provides immunity to AOL as a publisher or speaker of information

originating from another information content provider.").

In enacting this protection for the online world, Congress recognized that interactive

service providers would be reluctant to make information available if they faced liability for

content supplied by others. *See Batzel v. Smith*, 333 F.3d 1018, 1027-28 (9th Cir. 2003)

("Making interactive computer services and their users liable for the speech of third parties

would severely restrict the information available on the Internet. Section 230 therefore sought to

prevent lawsuits from shutting down websites and other services on the Internet."). "Section 230

was enacted, in part, to maintain the robust nature of Internet communication and, accordingly,

to keep government interference in the medium to a minimum." *Zeran*, 129 F.3d at 330. To

advance these objectives, "Congress made a policy choice . . . not to deter harmful online speech

through the separate route of imposing tort liability on companies that serve as intermediaries for

other parties' potentially injurious messages." *Id.* at 330-31; *see also Collins v. Purdue Univ.*,

703 F. Supp. 2d 862, 877 (N.D. Ind. 2010) ("[C]ourts consistently have held that § 230(c)(1)

offers broad immunity for [interactive computer services] to stimulate robust avenues of speech."

(citation omitted)).[6]

---

[6] The immunity extends to claims for injunctive relief. *See, e.g., Obado v. Magedson*, No. 13–
2382 (JAP), 2014 WL 3778261, *4 (D.N.J. July 31, 2014) (Section 230 bars claims against
Google, including requests for injunctive relief, arising from links in its search results to alleged
defamatory statements posted online by third parties); *Noah v. AOL Time Warner, Inc.*, 261 F.
Supp. 2d 532, 540 (E.D. Va. 2003) ("[G]iven that the purpose of § 230 is to shield service
providers from legal responsibility for the statements of third parties, § 230 should not be read to
permit claims that request only injunctive relief."), *aff'd*, 2004 WL 602711 (4th Cir. Mar. 24,
2004); *Smith v. Intercosmos Media Grp., Inc.*, No. Civ.A. 02–1964, 2002 WL 31844907, *5
(E.D. La. Dec. 17, 2002) ("[A]ny claim made by the plaintiffs for damages or injunctive relief
. . . are precluded by the immunity afforded by Section 230(c)(1), and subject to dismissal.").

Following these principles, courts have routinely and without exception invoked Section 230 to dismiss at the pleading stage tort and related claims based on the links in results displayed by Internet search engines like Google.[7]  Plaintiff's claims here are no different than those dismissed in *Parker*, *Getachew*, *Obado*, *Mmubango*, *Dowbenko*, and countless other cases.[8] They should therefore be dismissed.

## III.    THE STATUTE OF LIMITATIONS BARS MOST OF PLAINTIFF'S DEFAMATION-RELATED CLAIMS.

Even if Plaintiff's tort and related claims somehow survived the application of both collateral estoppel and Section 230, most of them would be barred by the applicable statute of limitations.  Under New York law, the statute of limitations for defamation-related claims such

---

[7] Courts "aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from ultimate liability, but also from having to fight costly and protracted legal battles." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citation omitted).  Immediate dismissal is especially warranted because "immunity is an *immunity from suit* rather than a mere defense to liability and it is effectively lost if a case is erroneously permitted to go to trial." *Id. at 254-55* (citation omitted); *see also Mmubango v. Google, Inc.*, Civil Action No. 12-1300, 2013 WL 664231, at *3 (E.D. Pa. Feb. 22, 2013); *Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 500-01 (E.D. Pa. 2006); *Green v. Am. Online (AOL)*, 318 F.3d 465, 473 (3d Cir. 2003); *Dimeo v. Max*, 433 F. Supp. 2d 523, 529-31 (E.D. Pa 2006), *aff'd*, 248 Fed. App'x 280 (3rd Cir. Pa 2007); *Novins v. Cannon*, Civ. No. 09-5354, 2010 WL 1688695 at *3 (D.N.J. April 27, 2010) (all granting motions to dismiss based on Section 230).

[8] The three elements required for application of Section 230 immunity are plainly present here: (1) Google is a provider of "interactive computer service[s]," *see, e.g.*, *Parker*, 422 F. Supp. 2d at 501 ("[T]here is no doubt that Google qualifies as an 'interactive computer service.'"); (2) the allegedly harmful content originated from "another information content provider"—it includes an article published by the New York Post, and individuals' reviews about Plaintiff's legal services, *see* Compl. ¶ 6; Doe Order at 3 (Judge Tingling holding that "[t]he information was user-generated content that was posted on a different Internet site"); and (3) Plaintiff's claims seek to treat Google as a "publisher or speaker" of the content at issue. *See, e.g., Green*, 318 F.3d at 471 ("[Plaintiff] thus attempts to hold AOL liable for decisions relating to the monitoring, screening, and deletion of content from its network—actions quintessentially related to a publisher's role."); *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 333 (4th Cir. 1997) (noting that plaintiff "cast [defendant] in the same position as the party who originally posted the offensive messages"); *Obado v. Magedson*, No. CIV. 13-2382 JAP, 2014 WL 3778261, at *4 (D.N.J. July 31, 2014) (Section 230 bars claims arising out of search results links to allegedly defamatory content because those claims seek to "treat Defendants as the publisher . . . of the alleged defamatory content"); *accord Milgram v. Orbitz Worldwide, Inc.*, 16 A.3d 1113, 1121-22 (N.J. Super. Law Div. 2010).

as libel and slander is one year from the date of publication. *See* N.Y. C.P.L.R. § 215. The New York Court of Appeals has made clear that the traditional "single publication" rule applies to online content. *Firth v. State*, 98 N.Y.2d 365, 369 (N.Y. 2002). That means that "'the publication of a defamatory statement in a single issue of a newspaper, or a single issue of a magazine, although such publication consists of thousands of copies widely distributed, is, in legal effect, one publication which gives rise to one cause of action and that the applicable statute of limitation[s] runs from the date of that publication.'" *Id.* (quoting *Gregoire v. G.P. Putnam's Sons*, 298 N.Y. 119, 123 (N.Y. 1948)). This is particularly important in the context of online speech, since "a multiple publication rule would implicate an even greater potential for endless retriggering of the statute of limitations, multiplicity of suits and harassment of defendants," which in turn "would be a serious inhibitory effect on the open, pervasive dissemination of information and ideas over the Internet, which is, of course, its greatest beneficial promise." *Id.* at 370.

Plaintiff cannot evade the one year limitations period by artful pleading—"courts in New York have . . . kept a watchful eye for claims sounding in defamation that have been disguised as other causes of action." *Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 224 (S.D.N.Y. 2013) (citations omitted). The key inquiry is whether the injury complained of is to "a person's reputation." *Id.*

All of Plaintiff's tort and related claims are premised on the allegedly false statements made on the various sites to which Plaintiff links in his Complaint. *See* Compl. ¶ 6. As such, "these appear to be quintessential claims for defamation—the gravamen of these claims is that these false statements injured the Plaintiff[] by damaging [his] professional reputation." *Lesesne*, 918 F. Supp. 2d at 225 (citing cases). That Plaintiff may have alleged economic harm is not

determinative—"[t]here are a plethora of cases in which courts have found that claims brought under the guise of other causes of action actually sound in defamation, even if the plaintiff alleged economic harm." *Id.* (citing cases). Where, as here, Plaintiff bases that harm on allegedly defamatory speech, his claims are subject to the one-year statute of limitations for defamation claims. *See id.*

Plaintiff's complaint was filed in New York Civil Court on April 4, 2016. As to Google, he alleges that six links defamed him—one of those links, an article published by the New York Post, was apparently published within the last year and thus is not barred by the statute of limitations. *See* Rebecca Rosenberg, *Woman says 'sugar daddy' threatened her with butcher knife*, New York Post (June 1, 2015).[9] Each other post that has a date is more than one year old, and many are significantly older than that. *See* Complaint Review: Manchanda Law Offices, Rahul Manchanda, Ripoff Report[10] (showing date submitted of June 6, 2008 and last updated October 27, 2014); Complaint Review: Rahul Manchanda, Ripoff Report[11] (showing a submitted date of July 10, 2013 and last updated date of October 27, 2014); Manchanda Law Office PLLC, Complaints Board[12] (no publication date for post; all but two comments older than one year);[13]

_____

[9] *Available* at http://nypost.com/2015/06/01/woman-says-man-from-sugar-daddy-site-threatened-to-kill-her/ (last visited June 13, 2016).

[10] *Available at* http://www.ripoffreport.com/r/Manchanda-Law-Offices-Rahul-Manchanda/New-York-New-York-10005/Manchanda-Law-Offices-Rahul-Manchanda-Lets-unite-and-fight-this-guy-I-already-won-a-fee-337859 (last visited June 13, 2016).

[11] *Available at* http://www.ripoffreport.com/r/rahul-manchanda/internet/rahul-manchanda-rahul-dev-manchanda-manchanda-law-firmrahul-manchanda-rahul-manchanda-f-1065994 (last visited June. 13, 2016).

[12] *Available at* http://www.complaintsboard.com/complaints/manchanda-law-office-pllc-new-york-new-york-c382370.html (last visited June 13, 2016).

[13] In this instance, Plaintiff has failed to "allege the time, place and manner of the false statement and specify to whom it was made" with the specificity required under New York law. *Dillon v. City of New York*, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1 (1999). More generally, Plaintiff has completely failed to identify "the particular words complained of" as defamatory, instead linking to entire articles and comments. N.Y. C.P.L.R. §3016. Thus, even if Google were not protected
(continued...)

Manchanda Law Firm/Rahul Manchanda, USAComplaints.com[14] (no publication date for post); Complaint Review: Manchanda Law, Ripoff Report[15] (showing a submitted date of November 3, 2007 and last updated date of October 28, 2014).  Because these posts were published more than one year before Plaintiff filed his complaint, any claims based on these alleged defamatory statements should be dismissed.  Those include Plaintiff's claims for: defamation, libel, slander, tortious interference with contract, breach of fiduciary duty, breach of the duty of loyalty, unfair trade practices, false advertising, unlawful trespass, civil RICO, unjust enrichment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

IV.     **PLAINTIFF FAILS TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT.**

   "In order to prevail on a trademark infringement claim for registered trademarks . . . a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale . . . or advertising of goods or services, (5) without the plaintiff's consent."  *1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400, 406-07 (2d Cir. 2005) (citations omitted).  But mere use in commerce is not enough—a plaintiff also "must show that defendant's use of that mark 'is likely to cause confusion . . . as to the affiliation, connection, or association of [defendant] with [plaintiff], or as to the origin, sponsorship, or approval of [the defendant's] goods, services, or commercial activities by [plaintiff].'"  *Id*. at 407 (quoting 15 U.S.C. § 1125(a)(1)(A)).

---

        (...continued from previous page)
by the Section 230, and even if Plaintiff's claims were not largely time barred, he has failed to adequately plead defamation.

[14] *Available* at http://usacomplaints.com/shops-trade/594091-manchanda-law-firm-rahul-manchanda-complaints-reviews.html (last visited June 13, 2016).

[15] *Available* at http://www.ripoffreport.com/r/manchanda-law/new-york-new-york-10005/manchanda-law-offices-worst-immigration-and-deportation-attorney-new-york-new-york-282791 (last visited June 13, 2016).

Plaintiff appears to be alleging trademark infringement for both (1) the use of Plaintiff's "marks" (his name and the name of his law practice) in allegedly defamatory reviews and the links to those reviews in search results; and/or (2) because one can theoretically purchase advertising on search engines that is tied to searches for his name and the name of his firm. *See* Background *supra* at 6.

The first theory is merely another attempt by Plaintiff to silence criticism, and as noted above, Plaintiff is collaterally estopped from pursuing it here.  *See* Section I *supra*.   Moreover, Judge Tingling was correct in dismissing Plaintiff's previous trademark claim, holding: "[t]rademarks do not protect the creator from the public's rights to commentary and criticism." Order at 4; *see also Stevo Design, Inc. v. SBR Mktg. Ltd.*, 968 F. Supp. 2d 1082, 1088-89 (D. Nev. 2013) (dismissing trademark claim where mark is used "to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose." (citation omitted)); *Cintas Corp. v. Unite Here*, 601 F. Supp. 2d 571, 579 (S.D.N.Y. 2009), *aff'd*, 355 Fed. App'x 508 (2d Cir. 2009) (There "is no justification for relief . . .  when the defendants . . . us[e] plaintiff's mark not in a manner that would create confusion as to the source, but rather as part of a message whose meaning depend[s] on reference to plaintiff's product." (citation omitted)); *Ascentive, LLC v. Opinion Corp.*, 842 F. Supp. 2d 450, 462-64 (E.D.N.Y. 2011) (denying preliminary injunction in part because defendant was "not using plaintiffs' marks as source identifiers at all," and in part because there was no likelihood that a consumer would believe that the mark holder sponsored or approved of decidedly negative reviews); Yahoo's Mot. to Dismiss at 11, Dkt. No. 29 (citing cases).

Plaintiff's alternative trademark theory, directed to the Search Engines' keyword advertising, is only half-baked, at best.  It is not enough for Plaintiff to complain merely that

some third party could theoretically purchase his names/marks as keywords to trigger online advertising. Nowhere does Plaintiff allege that anyone has actually done so. Nor does Plaintiff offer screenshots or point to any third-party advertising that was allegedly keyed to his name or the name of his firm. Instead, Plaintiff merely claims that he himself tried to bid on his own names as keywords for advertising and found them expensive. Compl. ¶¶ 2-5. Plaintiff's failure to allege that some third party actually used his marks in this manner renders the claim fatally deficient. *1-800 Contacts, Inc.*, 414 F.3d at 406-07 (noting that a plaintiff must show that "the defendant *used* the mark . . . in commerce" (emphasis added)).

Having failed to allege facts showing anything beyond a hypothetical use in commerce, it is no surprise that Plaintiff has also failed to allege facts showing the requisite likelihood of consumer confusion. As another court in this district recently explained: "Companies can and do regularly purchase other companies' marks as search keywords and use those companies' trademarks in the text of their search advertising in order to draw a contrast with the searched-for product and offer their own as an alternative." *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, No. 10 CIV. 3314 RWS, 2015 WL 4033019, at *6 (S.D.N.Y. June 29, 2015). Under the Lanham Act, "a defendant is only liable 'when a trademark holder can establish that the use of its trademark by another is likely to confuse consumers as to the source of the product.'" *Id*. (quoting *HBO, Inc. v. Showtime/The Movie Channel Inc.,* 832 F.2d 1311, 1314 (2d Cir.1987)). Likelihood of confusion requires that "'an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question,'" *Savin Corp. v. Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004) (quoting *Mushroom Makers, Inc. v. R.G. Barry Corp.*, 580 F.2d 44, 47 (2d Cir. 1978)), or "are likely to believe that the mark's owner sponsored, endorsed, or otherwise approved of the

defendant's use of the mark." *Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC*, 221 F. Supp. 2d 410, 414 (S.D.N.Y. 2002) (citing *Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 204-05 (2d Cir. 1979)).[16]

Here, Plaintiff has not alleged facts from which a likelihood of confusion could even be imagined. He avers only that Defendants use his marks to "confus[e] Plaintiff's customers." Compl. ¶ 9. That conclusory assertion is plainly inadequate. The failure to plead facts supporting a likelihood of confusion warrants dismissal of the claim. *deVere Grp. GmbH v. Opinion Corp.*, 877 F. Supp. 2d 67, 70-71 (E.D.N.Y. 2012) (dismissing trademark claim for want of allegations regarding supposed confusion); *see also* Yahoo's Mot. to Dismiss at 9-11 (discussing cases).[17]

## V. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UNDER HIS OTHER CAUSES OF ACTION.

In its Motion to Dismiss, which Google joins, Yahoo shows how Plaintiff has failed to state a claim upon which relief can be granted as to each of his thirteen defamation-related causes of action. *See* Yahoo's Mot. to Dismiss at 11-19. Thus, even if these claims were not barred by collateral estoppel or the statute of limitations, and even if Section 230 did not apply,

---

[16] When considering whether there is a likelihood of confusion, courts typically look to various factors, including "the strength of his make, the degree of similarity between the two marks, the proximity of the products, the likelihood that the prior owner will bridge the gap, actual confusion, and the reciprocal of defendant's good faith in adopting its own mark, the quality of defendant's product, and the sophistication of the buyers." *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).

[17] In passing, Plaintiff mentions the theory of trademark dilution, stating that "a trademark owner may claim trademark 'dilution,' asserting that it owns a famous mark and the use of the mark diminishes the strength or value of the trademark owner's mark by 'blurring' . . . or 'tarnishing.'" Compl. ¶ 5a. But Plaintiff does not actually attempt to establish such a claim in his Complaint, pleading no facts whatsoever. His "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are plainly insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's allegations are still insufficient, and his claims should be dismissed on that ground as well.

## **CONCLUSION**

For the reasons set forth above, Google respectfully requests that the Court dismiss the claims against it in the Complaint with prejudice.

Dated: June 13, 2016

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

_____/s/ Stephen N. Gikow_____
STEPHEN N. GIKOW

One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947.2000
Facsimile: (415) 947-2099
Email: sgikow@wsgr.com

*Counsel for Defendant Google Inc.*